Submitted on briefs June 1, reversed and remanded June 12, 1917.

# MILLER *v.* STATE INDUSTRIAL ACCIDENT COMMISSION.

### (159 Pac. 1150; 165 Pac. 576.)

### ON MOTION TO DISMISS.

#### Appeal and Error—Necessity of Bond—Appeal by State Commission—"Interested."

1. The state is "interested" in an appeal by the Industrial Accident Commission from an order reversing its disposition of a claim for workmen's compensation, so that no appeal bond need be filed, in view of Section 578, L. O. L., providing that the state, when a party or "interested," shall not be required to furnish bond on appeal.

### ON THE MERITS.

#### Master and Servant—Workmen's Compensation Act—Expediting Appeals.

2. By Workmen's Compensation Act (Laws 1913, c. 112), Section 32, providing that an appeal from a decision of the Industrial Accident Commission shall have precedence over all other cases, except criminal cases, the legislature did not intend that such appeal should be expedited to the extent of disarranging the orderly transaction of business in the Circuit Court, or that cases already set for trial with witnesses under subpoena should be displaced for such purpose.

#### Master and Servant—Workmen's Compensation Act—Appeal to Circuit Court—Hearing De Novo.

3. Under the Workmen's Compensation Act, providing that on hearing of an appeal to the Circuit Court, the court, in its discretion, may submit to a jury any question of fact involved, and that the proceedings shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced, on appeal to the Circuit Court from an order of the Industrial Accident Commission, the court properly considered other evidence than that submitted to the commission on the original hearing, thus making the hearing practically a *de novo* trial.

[As to review of facts on appeal under Workmen's Compensation Acts, see note in Ann. Cas. 1916B, 475.]

#### Master and Servant—Workmen's Compensation Act—Judgment on Appeal from Industrial Commission.

4. On appeal to the Circuit Court from an order of the Industrial Accident Commission in proceedings by an injured servant for compensation under the Workmen's Compensation Act, the court improperly entered judgment for the servant based on conclusions of law that in deciding what amount should be awarded the court was not limited to compensation as provided by the Workmen's Compensation Act; that the court was entitled to hear and consider only such testimony as would have been competent, relevant, and material had

the case been an action at law to recover damages for a personal injury; that in fixing the amount to be allowed the servant, the court was not limited by any schedules of the act, nor by any provision for monthly payments, etc.; and that in making an allowance for surgical and medical services, the court was not limited to the surgical scale established by the commission under the act.

**Master and Servant—Workmen's Compensation Act—Findings of Circuit Court—Definiteness.**

5. On appeal from judgment of the Circuit Court on appeal to it from an order of the Industrial Accident Commission in an injured servant's proceeding for compensation under the Workmen's Compensation Act, court's findings for the servant *held* not sufficiently definite to enable the Supreme Court to enter final judgment; the conclusions of law and judgment below being erroneous.

From Multnomah: ROBERT G. MORROW, Judge.

Proceedings by George Miller for workman's compensation before the State Industrial Accident Commission. From a judgment reversing the order of the commission, the commission appealed. On motion to dismiss the appeal. Motion denied.

*Mr. Eugene Bland* and *Mr. James H. McMenamin,* for the motion.

*Mr. Joseph A. Benjamin,* Assistant Attorney General, *contra.*

Opinion PER CURIAM.

1. This is an appeal by the defendant from a decision of the Circuit Court of Multnomah County, Oregon, reversing an order of the commission as to the validity of the plaintiff's claim for compensation for an injury sustained while he was employed as a carpenter working on a building in the City of Portland. The plaintiff's counsel move to dismiss the appeal because no undertaking has been filed. Section 578, L. O. L., reads:

"In all actions or proceedings in any court in this state in which the State of Oregon is a party, or interested therein, it shall not be required to advance any costs in any such action or proceeding; and that the

state shall not be required to furnish any bond or undertaking upon appeal or otherwise in any such action or proceeding.''

The State of Oregon is interested in the orders made by its commissions, and for that reason no undertaking on appeal was necessary in this case.

The motion is denied.

MOTION TO DISMISS DENIED.

---

Reversed and remanded June 12, 1917.

ON THE MERITS.

(165 Pac. 576.)

In Banc.   Statement by MR. JUSTICE BENSON.

While working as a carpenter upon a building in Portland plaintiff fell, striking upon his head in such a manner as to produce a partial facial paralysis. The employer and employee had both voluntarily accepted and were acting under the provisions of chapter 112, Laws 1913, commonly known as the ''Workmen's Compensation Act.'' The plaintiff in pursuance thereof filed a claim for compensation for the injury above mentioned. After an informal investigation, the commission disallowed the claim upon the ground that the injury existed prior to the accident described. The claimant then appealed to the Circuit Court for Multnomah County where, after a hearing, a judgment was entered in favor of plaintiff from which the commission appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi).

REVERSED AND REMANDED.

For appellant there was a brief presented by *Mr. George M. Brown,* Attorney General, and *Mr. Joseph A. Benjamin,* Third Assistant Attorney General.

For respondent there was a brief over the names of *Mr. James H. McMenamin* and *Mr. Eugene Bland.*

MR. JUSTICE BENSON delivered the opinion of the court.

2. The first point for consideration is the fact that the trial court did not give this appeal precedence over certain other cases already set for trial upon days certain, although such cases were not a part of the criminal docket. The act under consideration in Section 32 thereof provides that "such appeal shall have precedence over all other cases except criminal cases." We cannot believe that the legislature intended that such appeals should be expedited to the extent of disarranging the orderly transaction of business in the Circuit Courts; or that cases already set for trial, with witnesses under subpoena, should be displaced for that purpose.

3. The next assignment of error challenges the power of the Circuit Court to consider other evidence than that submitted to the commission upon the original hearing. The compensation act as it existed at the time of the appeal contained among others the following provision:

"Upon the hearing of such an appeal the court in its discretion may submit to a jury any question of fact involved in such an appeal. The proceedings in every such appeal shall be informal and summary, but full opportunity to be heard shall be had before judgment is pronounced."

Under a very similar statute the Court of Appeals of Maryland in *Frazier* v. *Leas,* 127 Md. 572 (96 Atl. 764), holds that the language of the act necessarily implies the taking of testimony by the appellate court and the doctrine there announced was reiterated in *American Ice Co.* v. *Fitzhugh,* 128 Md. 382 (97 Atl. 999). We conclude that there was no error in making the hearing practically a *de novo* trial.

We come then to a consideration of the action of the court in treating the appeal as an original action for damages and giving judgment accordingly. After making findings of fact, the court also filed conclusions of law among which are the following:

"That for the injuries resulting from the fall referred to in Findings VIII the plaintiff is entitled to damages in the full legal sense of that term to the amount of $366.33 to be paid out of the fund created under the provisions of said workmen's compensation act.

"That in deciding what amount should be awarded to plaintiff, the court is not limited to compensation as provided by the statute creating the State Industrial Accident Commission, Laws 1913, chapter 112; but acts as a jury, and may take into consideration all the elements of damage that a jury might consider.

"That upon the hearing of the appeal herein the court was entitled to hear and consider such testimony only as would have been competent, relevant and material had the case been an action at law to recover damages for a personal injury.

"That in fixing the amount to be allowed to plaintiff for his injuries, the court is not limited by any of the schedules contained in said act, nor by any provision for monthly payments therein contained, nor by any of the methods provided by said act for computing compensation.

"That in making an allowance for surgical and medical services in such cases as this, the court is not

limited to the surgical scale established by the defendant commission under section 23 of said workmen's compensation act."

These conclusions were followed by a judgment for the claimant in the sum of $366.33 and the additional sum of $75 as physician's fees. We are entirely at a loss to determine the theory or authority upon which the court based such a view of the law. There is nothing in the statute itself to justify such a contention and our attention has not been called to any authority which might sustain it. Its effect would be to repeal the compensation act by the simple process of appeal. Under the provisions of the statute, an appeal from a decision of the commission does not give the appellate tribunal any new cause of action, or any different law upon which to base its judgment. The judgment is therefore clearly erroneous.

4. We have no record of the testimony taken in the Circuit Court and as to the facts of the case are limited to the findings. Upon the questions of injury and disability these findings are as follows:

"That the result of such striking of plaintiff's head as set out in Findings VIII was partial facial paralysis, so that plaintiff for a long time could not control the muscles of the left side of his face, and the control of the left eye was diminished. Such partial paralysis had largely disappeared at the time of the trial and will probably entirely pass away within a few months. During the continuance of such partial paralysis the plaintiff regularly continued at work as a carpenter on said building until it was completed, without diminution of wages. That plaintiff's face was not at all paralyzed prior to said accident.

"That at the time of the accident plaintiff was working as a carpenter, but did not habitually earn his living solely at that trade; nor was he able to find carpenter work during the entire period of his partial

facial paralysis; that during part of the period of plaintiff's disablement he worked as an itinerant vendor and canvasser.

"That said condition of partial facial paralysis to a certain extent but not entirely disabled plaintiff for the performance of the work of a carpenter for a period of several months; and entirely disabled him for a period of viz: one year as an itinerant vendor and canvasser."

5. These findings are not sufficiently definite to enable us to enter a final judgment and the cause will therefore be remanded to the Circuit Court with directions to take such further proceedings, not inconsistent herewith, as will enable that court to fix claimant's compensation in accordance with the provisions of the compensation act as it existed at the time of the hearing.                          REVERSED AND REMANDED.