## IRWIN *v.* KLAMATH COUNTY.

(210 Pac. 159; 223 Pac. 736.)

**Appeal and Error—County not Exempt from Filing Undertaking on Appeal.**

1.  The state is not interested in an action for money against a county within Section 578, Or. L., providing that in all actions in which the state is interested it shall not be required to file an undertaking upon appeal; hence the county must furnish an undertaking on appeal under Section 554.

**Appeal and Error—Time for Filing Transcript Does not Begin to Run Until After Time Allowed for Excepting to Bond.**

2.  The thirty days' time allowed for filing a transcript after an appeal has been perfected as provided by Section 554, Or. L., does not begin to run until after the five days' time allowed for excepting to the undertaking has expired, as provided by Section 550.

## ON THE MERITS.

**Judgment — Denial of Motion to Open Up Default Judgment Against County Held an Abuse of Discretion.**

3. Under Section 103, Or. L., making the opening of a default judgment taken through defendant's mistake, inadvertence, surprise, etc., within one year after notice, discretionary with the court, denial of a motion to set aside a default judgment against a county rendered on a claim already adjudicated adversely by the Supreme Court, in spite of affidavits of the county judge and commissioners that presentation of the judgment for payment was their first notice of the pendency of the action, *held* an abuse of discretion, though the clerk testified to previous notice by handing the papers to the commissioners, telling them what they were, since the commissioners might have thought the papers were connected with the former suit.

From Klamath: D. V. Kuykendall, Judge.

Department 1.

For the motion, *Mr. W. H. A. Renner* and *Mr. John Irwin*.

*Contra, Mr. W. A. Wiest*, Deputy District Attorney.

Respondent has filed a motion to dismiss this appeal. Appellant makes application for an extension of time to file a printed abstract of record.

On July 26, 1922, a notice of appeal was served and filed. On August 4, 1922, an undertaking on appeal was served and filed. On August 29, 1922, appellant filed its transcript of record with the clerk of this court. Respondent moves to dismiss the appeal and affirm the judgment, for the reason that it was unnecessary for the county to file an undertaking on appeal, under Section 554, Or. L. Respondent therefore contends that the transcript of record should have

___

3. Lack of actual notice in case of constructive service as ground for relief, under a statute permitting opening of a judgment for mistake, inadvertence, surprise or excusable neglect, see note in 31 L. R. A. (N. S.) 1068.

See 4 C. J., p. 841; 23 Cyc. 895, 897.

been filed within thirty days following the twenty-sixth day of July, 1922, for the reason that the appellant being one of the counties of the State of Oregon, and the action being a money demand against the county, the State of Oregon is an interested party and the undertaking on appeal was useless.

Section 578, Or. L., provides:

"In all actions or proceedings in any court in this state in which the state of Oregon is a party, or interested therein, it shall not be required to advance any costs in any such action or proceeding; and that the state shall not be required to furnish any bond or undertaking upon appeal or otherwise in any such action or proceeding."

In *Miller* v. *State Industrial Acc. Com.*, 84 Or. 507 (159 Pac. 1150, 165 Pac. 576), relied upon by respondent, it was held that the State of Oregon is interested in an appeal by the Industrial Accident Commission from an order reversing its disposition of a claim for a workman's compensation, so that no appeal bond need be filed in view of Section 578, Or. L.

1. The section of the Code quoted above relied upon by respondent expressly exempts the state from the advancement of costs in an action or proceeding, and from the furnishing of any bond or undertaking on appeal. The county is not exempt therefrom by any statute of this state.

To state the matter most favorably to the respondents, the state is not interested in the action for money against the county of Klamath within the meaning of the statute. The financial affairs of a county are separate and distinct from those of the state. Had it been the intention of the legislature in 1899, when this section of the statute was enacted, to have exempted counties or municipal corporations or other political subdivisions of the state from the

necessity of giving an undertaking on appeal we think it would have so expressed its will in some plain and appropriate language.

In many jurisdictions there are statutes especially or impliedly exempting municipal corporations, counties and other political subdivisions of the state from the necessity of giving a bond or undertaking on appeal; but it is generally held that in the absence of a statute exempting them, or in the absence of an exempting statute broad enough to include them, there is no exemption in favor of municipal corporations, counties or other political subdivisions from the requirement to furnish an undertaking on appeal: 3 C. J., p. 1122, § 1162, and authorities there cited.

2. In *Miller* v. *Industrial Acc. Com.*, 84 Or. 507, the State of Oregon was directly interested in the result of the appeal. The Industrial Accident Commission when acting for the state is embraced within the terms of Section 578, Or. L. A county is not expressly or impliedly exempt from filing such an undertaking by the provisions of the section. Section 550, subdivision 2, Or. L., provides that "within five days after the service of said undertaking the adverse party or his attorney shall except to the sufficiency of the sureties in the undertaking, or he shall be deemed to have waived his right thereto." Subdivision 4 of that section is to the effect that from the expiration of the time allowed to except to the sureties in the undertaking, or from the justification thereof if excepted to, the appeal shall be deemed perfected. The thirty days' time for filing the transcript after the appeal was perfected, as provided by Section 554, did not commence to run until after five days' time allowed for excepting to the sureties upon the undertaking had expired. Therefore the motion to dismiss is denied.

The appellant moved for additional time, until October 18, 1922, to file a printed abstract of record for the reason that such time was necessary to print the same. The application should be granted. The abstract of record was tendered for filing on October 17, 1922. The appellant county will be allowed to file it as of that date.        MOTION DENIED.

ON THE MERITS.

REVERSED AND REMANDED.

For appellant there was a brief and oral argument by *Mr. W. A. Wiest.*

For respondent there was a brief over the name of *Mr. W. H. A. Renner,* with an oral argument by *Mr. John Irwin.*

BURNETT, J.—3. Section 103, Or. L., reads thus:

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done after the time limited by this Code, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

The plaintiff brought action against the county of Klamath on four assigned claims for service alleged to have been rendered for the county by other individuals in detection of violations of the prohibition law. Service of summons in the action was made by delivering the same with a copy of the complaint to the county clerk. After the expiration of ten days,

no answer having been filed, the Circuit Court entered judgment against the county by default on December 14, 1921. On the 17th of that month a certified copy of the judgment was presented to the County Court for the purpose, it seems, of procuring a warrant on the treasury for its payment. The county judge and the two commissioners make affidavit that that was the first intimation any of them had received of the pendency of the action, without reference whatever to the rendition of the judgment. Based on this showing, a motion was made to set aside the judgment and give leave to answer. Other efforts were made to take off the default and be allowed to file an answer, which answer being tendered at the time shows that the identical claims sued upon were adjudicated adversely to the claimant in *Irwin* v. *Klamath County*, 93 Or. 538 (183 Pac. 780). Opposed to this showing are the affidavits of the county clerk and his deputy to the effect that when the summons was served upon the clerk, he put the papers in the basket with other County Court proceedings which were to come before the County Court; that afterwards the deputy laid the papers on the table between the two commissioners stating at the time, "Here are the papers in the case of John Irwin against Klamath County," and that one of the commissioners at the time said that he had noticed something about it in the newspaper. These affidavits are controverted by the counter-affidavits of the commissioners. The Circuit Court refused to take off the default on this showing and the defendant appeals.

The case principally relied upon by the defendant is *Knox County* v. *Harshman*, 133 U. S. 152 (33 L. Ed. 586, 10 Sup. Ct. Rep. 257, see, also, Rose's U. S. Notes). That was a suit in equity to enjoin the prosecution of a peremptory writ of *mandamus* issued to

compel the County Court of Knox County to levy a
tax sufficient to pay a judgment recovered by Harsh-
man against the county. As ground for enjoining the
prosecution of the *mandamus*, the bill in equity at-
tacked the judgment which was rendered by default,
on the ground that the bonds, the basis of the judg-
ment, were not authorized by the voters of the county,
that the summons in fact had not been served in that
action, and that the clerk of the county upon whom it
was served, if served at all, did not give any notice
thereof to the County Court controlling the fiscal con-
cerns of the county. All that the opinion of the court
by Mr. Justice GRAY holds is that for the grounds of
complaint against the judgment, the county had a
plain and adequate remedy at law in that very action
itself to set aside the judgment on the grounds of
mistake, inadvertence or excusable neglect, or possibly
fraud, and that equity could not entertain the plea
because of the availability of the remedy at law.
Here, no one disputes but what the summons was
properly served. The defendant is pursuing the
remedy at law pointed out by Mr. Justice GRAY in the
Knox County case. The only question is whether the
county has shown surprise, inadvertence or excusable
neglect sufficient to authorize the taking off of the
default. The affidavits of the members of the County
Court explicitly state that the first actual notice they
had of the pendency of the action was after the judg-
ment had been rendered. The clerk says he put the
papers in a basket with other business afterwards to
come before the county clerk. The deputy only says
that he laid the papers on the table and told the com-
missioners they were papers in the case of John Ir-
win against the county. Ignoring the dispute of this
affidavit by those of the commissioners, they might

well have supposed he meant the former action against the county already alluded to and cited above. Without further discussion, we are of the opinion that it was an abuse of discretion to allow the county and its taxpayers to be penalized upon a claim which had already been adjudicated adversely to the claimant on appeal to this court. The judgment is reversed and the cause is remanded to the Circuit Court with directions to open the default and allow the defendant to file its answer, and for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.