Argued December 3, affirmed December 19, 1974

LOWE, *Respondent, v.* INSTITUTIONAL
INVESTORS TRUST, *Appellant.*

529 P2d 920

*Robert L. Nash,* Portland, argued the cause for appellant. With him on the brief were William M. McAllister and Davies, Biggs, Strayer, Stoel and Boley, Portland.

*Jack L. Mattison,* Eugene, argued the cause for respondent. With him on the brief were Donald A. Gallagher and Jaqua & Wheatley, Eugene.

Before O'CONNELL, Chief Justice, and HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

SLOPER, J. (Pro Tempore)

This is an appeal from an order denying defendant Institutional Investors Trust's motion to set

aside a default judgment entered against it and a motion in the alternative for a reduction in the amount of attorney fees awarded to plaintiff.

The record establishes that plaintiff filed a suit in equity on November 27, 1973, to foreclose a mechanic's lien claim for labor and materials furnished in the construction of a mobile home park in Lane County, Oregon. Institutional Investors Trust (hereinafter referred to as IIT) was named a defendant because it held a mortgage on the real property and improvements upon which plaintiff claims a lien. Service was effected upon IIT by personal service on a Mr. J. Bulfamante, in New York City, on December 26, 1973. Mr. Bulfamante was employed by IIT as Assistant to the Executive Vice President of the corporation and was authorized to accept on their behalf process of personal service of legal proceedings. On February 12, 1974, an order of default was entered against IIT and other defendants, and on February 22, 1974, the trial court entered a Judgment and Decree of Foreclosure providing that plaintiff have judgment by default for $15,378.05, together with interest thereon, and for $5,181.79, costs and disbursements, including $5,000 attorney fees, and declaring that plaintiff's lien was a first lien against the real property and improvements. Thereafter and on the fourth day of April, 1974, IIT filed its motion seeking to set aside the decree and its alternative motion for a reduction in plaintiff's award of attorney fees. The motion was accompanied by an answer and an affidavit of J. Bulfamante. On April 5, 1974, the issues raised by defendant's motions were heard, testimony was taken and oral arguments of counsel were submitted to the court and the court on the eighth day

of April, 1974, entered an order denying both of said motions. It is from this order that defendant IIT appeals.

The statute under which IIT seeks to have the default set aside, ORS 18.160, provides as follows:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

■■ Under our previous decisions a default decree will be set aside only if the moving party establishes that the decree was entered against him through mistake, inadvertence, surprise, or excusable neglect; that he acted with reasonable diligence after knowledge of the default decree; and that he has a meritorious defense to the suit. The latter two legs of this legal tripod are important elements to be considered by the trial judge in the exercise of his discretion in granting or denying a motion to vacate a default decree. The proof of these two requirements does not, however, in and of itself, establish the first requirement of "mistake, inadvertence, surprise or excusable neglect" as required in ORS 18.160, supra. See *Burke v. Rachau,* 262 Or 323, 338, 497 P2d 1154 (1972); *Stirling v. Dari-Delite, Inc.,* 262 Or 359, 363, 491 P2d 1168, 494 P2d 252, 498 P2d 753 (1972).

■ IIT contends that the trial court, in denying its motion to set aside the default decree, abused its discretion and committed prejudicial error because a mistake was made, either due to inadvertence or excusable neglect within the meaning of ORS 18.160.

The only explanation offered by IIT for its failure to appear and the only basis for its motion to

vacate the default under ORS 18.160 is contained in the affidavit of Mr. Bulfamante attached to the motion. The relevant parts of that affidavit after acknowledging that he is the proper person to accept service of legal process are:

"3) That upon receipt of such process, it is customary and in the normal course of business that I forward said instrument(s) of process to the Legal Department of the Advisor, together with a forwarding memorandum concerning same, and filing a copy of said memorandum in the corporate records of the subject matter, and in my personal records;

"4) That I have been advised by Oregon counsel that the records in the matter of Charles L. Lowe (d/b/a Valley Fence Co.) v. Springfield 256 Oreg. Ltd.; Pacific Western Mobile Estates, Inc.; IIT; et al show that service of process therein was accepted by me personally on December 26, 1973;

"5) That I have no recollection of such service; and

"6) That after a search of the files of IIT and of the Advisor, and of my personal files, which I made on April 2, 1974, no record has been discovered with regard to such service or the instrument(s) of process referred to in said records of the proceeding referred to in the above."

The affidavit thus establishes only that Mr. Bulfamante has no recollection of having been served and that he has been unable to find the summons and complaint in his files or in the files of IIT. It is obvious that the affidavit does not establish any mistake, inadvertence or surprise and we conclude it is insufficient to establish excusable neglect. Indeed, it can be suggested that the affidavit shows inexcusable neglect. As the trial court observed:

"* * * [the affidavit] [S]hows negligence, but

in what respect does it show any excuse for the negligence other than human frailty? And certainly the statute contemplates something other than human frailty."

We have in the past held that a motion to vacate a default decree is addressed to the sound legal discretion of the trial court, and that the court's determination of whether a defendant has made a sufficient showing to establish that his neglect was excusable will not be reversed except for a manifest abuse of such discretion. For some of our more recent pronouncements on this rule, see: *Coleman v. Meyer*, 261 Or 129, 134, 493 P2d 48 (1972); *Rogue Val. Mem. Hosp. v. Salem Ins.*, 265 Or 603, 606, 510 P2d 845 (1973); *St. Arnold v. Star Expansion Ind.*, 268 Or 640, 645, 521 P2d 526, 522 P2d 477 (1974); and *Fleetwood Investment v. Thompson*, 270 Or 584, 528 P2d 518, decided November 29, 1974.

We hold in this case on the basis of the record before us that the trial judge did not abuse his discretion in denying the motion to vacate.

██ Having determined that the court's action in denying defendant's motion to set aside the default decree under the present facts and circumstances is proper, we turn to a consideration of the court's denial of IIT's alternative motion to reduce the amount of plaintiff's award of attorney fees. We do not disagree with IIT's contention that the trial court has the inherent authority in a proper case and within a reasonable time to amend its judgment as to the amount of an award of attorney fees. *Bratt v. Andrews*, 266 Or 537, 540, 514 P2d 540 (1973).

ORS 87.060 (3) authorizes the trial court in a mechanic's lien foreclosure suit to award "* * * a

reasonable amount as attorney's fees * * *." The court in its decree awarded as it was required to do under the statute an attorney fee and determined the amount of such fee to be $5,000. The decree was executed by the court on February 22, 1974, and filed with the county clerk on the same day. Under ORS 19.026 a party has 30 days from the entry of judgment to serve and file a notice of appeal. As noted above, IIT was advised on February 28 of the fact of the default decree. The decree, including the award of attorney fees, became final long prior to the time IIT's motions were filed herein on April 4, 1974. Since the trial court did not vacate the default decree in this case, there is no question for this court to determine on the issue of a reduction in the award of plaintiff's attorney fees. We construe IIT's motion for a reduction of the attorney fee award to be in the nature of a request for a rehearing. Since the decree was final before the request, IIT is not entitled to contend error for the failure of the trial court in refusing to reduce the award. To rule otherwise would permit a party to extend the time for an appeal beyond the statutory scheme by filing successive motions for rehearing on matters that had become final.

The order of the trial court is affirmed.