ROPER et al, *Respondents,*

*v.*

NEET et al, *Appellants.*

(No. 76-166 L, CA 8930)

573 P2d 765

Neal G. Buchanan, Klamath Falls, argued the cause for appellants. On the brief was Richard J. Smith, Klamath Falls.

Sidney E. Ainsworth, Ashland, argued the cause for respondents. On the brief were Jack Davis and Davis, Ainsworth & Pinnock, Ashland.

Before Tanzer, Presiding Judge, and Johnson and Roberts, Judges.

TANZER, P. J.

[ 219 ]

**TANZER, P. J.**

This is an action for money due on a promissory note. The issue is whether the trial court abused its discretion in refusing to set aside a default judgment entered against defendants when they failed to appear at trial. ORS 18.160 provides:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

Prior to entry of the default, trial was continued on six different occasions, either at defendants' request or on the court's own motion. Following the fifth continuance, trial was set for May 20, 1977. Because of a scheduling conflict, defendants' counsel requested that the matter again be reset. The Court then postponed the trial until June 17, 1977 and notified counsel of this fact by mail. Defendants allege that this notice was never received.

In denying relief from judgment, the trial court made the following finding:

> "The court is forced to conclude that counsel received the new trial notice. If counsel had not received the new notice setting trial for June 17, 1977, he or his clients would have appeared for trial May 20, 1977, or there would have been further requests for a continuance. * * *"

The trial court's finding that defendants' counsel had notice of the trial date was an inference supported by evidence. The court was not required as a matter of law to believe defendants' counsel's denial of receipt of notice and it expressed cogent reasons why it found the attorney's representations uncreditable. On appeal, we accept properly supported findings by the trial court. *Hiatt v. Congoleum Industries,* 279 Or 569, 575, 569 P2d 567 (1977). Where a default judgment results from the failure of defendants' attorney to appear for

trial at a scheduled time of which he is aware, it is not an abuse of discretion for the trial court to refuse to set aside the default.

Affirmed.