Argued and submitted July 2, affirmed August 29, reconsideration denied
November 28, 1990, petition for review withdrawn; appeal dismissed January 28, 1991
(311 Or 151)

Tenny MOUNT,
*Respondent,*

*v.*

MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY,
*Appellant,*

*and*

James D. PITTMAN,
*Defendant.*

(A8901-00193; CA A61196)

796 P2d 388

Janet M. Schroer, Portland, argued the cause for appellant. With her on the briefs were Wayne A. Williamson and Schwabe, Williamson & Wyatt, Portland.

Michael A. Greene, Portland, argued the cause for respondent. With him on the brief was Rosenthal & Greene, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this action against the defendant insurance company (defendant) and its agent, Pittman. Pittman was served personally and defendant's registered agent, Chamness, was served. Neither of them appeared, and an order of default and a default judgment were duly taken against them. Both defendants moved to set the judgment aside pursuant to ORCP 71B(1)(a). The trial court allowed Pittman's motion but denied defendant's. Defendant appeals,[1] and we affirm.

■ Defendant argues that it failed to appear because of mistake, inadvertence, surprise or excusable neglect by Chamness whose affidavit in support of defendant's motion relates, as relevant:

> "I do not deny being served with the Summons and Complaint in this case on January 30, 1989, but my memory of it is not clear. As far as I can recall, I received the papers and followed my routine practice which was to give the Summons and Complaint to Susan Cusick, the office manager, or put it into her mail slot. She would then forward the papers to our home office in Springfield, Massachusetts. I believe I followed that procedure on this occasion."

Cusick said in her affidavit that her routine practice after receiving a summons and a complaint was to forward them to defendant's legal counsel in Massachusetts but that she did not recall receiving the papers in this case. Defendant also introduced the affidavits of persons in its home office and its counsel's office. They described the procedures that defendant follows when it has been served with process and indicated that they had received no papers in this case.

The trial court analogized the circumstances to *Lowe v. Institutional Investors Trust,* 270 Or 814, 529 P2d 920 (1974), where the court held that relief from default could not be granted on a mere showing that the officer of a defendant who was authorized to receive service had no recollection or record of having been served and could not find the papers in his or the defendant's files. Defendant argues that it made more of a showing than that here, that this case is more

---

[1] A final judgment was entered against defendant pursuant to ORCP 67B.

analogous to later cases than it is to *Lowe* and that *Lowe* has become questionable authority in the light of those later cases.

Defendant relies, *inter alia,* on *Hiatt v. Congoleum Industries,* 279 Or 569, 569 P2d 567 (1977); *Wagar v. Prudential Ins. Co.,* 276 Or 827, 556 P2d 658 (1976); *Hackett v. Alco Standard Corp.,* 71 Or App 24, 691 P2d 142 (1984), *rev den* 298 Or 822 (1985); and *Reitz v. Coca-Cola,* 36 Or App 487, 584 P2d 791 (1978). We agree with defendant that those cases establish a liberal standard for relieving corporate defendants from default when process goes awry in the corporation's procedures. *See also Walker v. Allied Fidelity Ins. Co.,* 97 Or App 568, 573, 777 P2d 990, *rev den* 308 Or 466 (1989). We do not agree, however, that those cases support relief on a mere showing that the corporate officer or employee who is held out as the agent for service, and who is responsible for setting matters in motion when he receives service, cannot say to a probability what he did with the papers and whose speculation that he followed normal procedures is belied by the recollections of the other employees that they did not receive the papers. We also disagree with defendant that the relevant aspects of its showing in support of the motion amounted to anything more than that. If the default judgment in this case cannot stand, it is difficult to visualize any circumstances under which a default could be taken against a corporation for any failure to appear that falls short of a wilful refusal.

Defendant also argues that the trial court abused its discretion by denying relief to it while allowing relief to Pittman, when his was the direct misconduct, according to defendant's understanding of plaintiff's allegations, and defendant's liability could only be vicarious. We disagree. Pittman's basis for seeking relief from default was entirely different from defendant's.[2]

Affirmed.

---

[2] Defendant does not argue that the default against it is improper on the theory articulated in *Hiatt v. Congoleum Industries, supra,* and *State ex rel Everett v. Sanders,* 274 Or 75, 544 P2d 1043 (1976), that a defaulting defendant is entitled both to relief from default and a favorable judgment if a co-defendant prevails on a defense that necessarily absolves both defendants from liability. That argument might be premature at this time. Whether the *Hiatt* and *Sanders* rationale might assist defendant if Pittman ultimately prevails in the action is a question that is not before us now.