Argued and submitted February 24, reversed and remanded July 2, petition for review denied September 23, 1997 (326 Or 59)

Emeka WALTERS
and Christopher Walters,
*Respondents,*

*v.*

KMART CORPORATION,
a Michigan corporation,
*Appellant,*

*and*

John DOE,
Individual, and John Doe Corporation,
*Defendants.*

(9411-07666; CA A92552)

942 P2d 286

Dian Rubanoff Rogers argued the cause for appellant. With her on the briefs was Lane Powell Spears Lubersky LLP.

Farsheed Shomloo argued the cause for respondents. On the brief was John C. O'Brien, Jr.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant Kmart[1] appeals an order denying a motion to set aside a default judgment. Defendant argues that the trial court abused its discretion as a matter of law in failing to set aside the default judgment on the ground of excusable neglect. We agree and reverse and remand.

Defendant is a Michigan corporation, with stores located in this state. It hired CT Corporations Systems (CT Corp.) to act as its registered agent for service of process in Oregon. Defendant and CT Corp. established as their standard procedure that CT Corp. was to forward service documents to defendant's headquarters in Michigan by Federal Express or comparable overnight carrier.

Plaintiffs initiated this action for false imprisonment and false arrest arising out of an alleged shoplifting incident at one of defendant's Oregon stores. They filed their complaint on November 8, 1994. The record does not reveal whether that complaint was served on any person. Plaintiffs filed an amended complaint on November 17, 1994, and served that complaint on CT Corp. on November 22, 1994. Defendant did not answer, and, on October 9, 1995, the trial court entered default judgment in favor of plaintiffs in the amount of $20,000.

On November 8, 1995, defendant obtained a copy of the default judgment with a letter from plaintiffs' attorney seeking to collect on the judgment. On January 18, 1996, defendant filed an answer and moved to set aside the default judgment under ORCP 71 B(1)(a), contending that its failure to appear was due to excusable neglect. In support of its motion, defendant submitted affidavits of two legal department employees who worked at the company's Michigan headquarters. According to the affidavits, defendant never received the amended complaint from CT Corp. and, before receiving the copy of the default judgment, had no knowledge of the lawsuit. The employees testified that "[t]he invariable procedure" used by defendant and CT Corp. was for CT Corp.

---

[1] Defendants John Doe and John Doe Corporation are not parties to this appeal.

to send process papers directly to the legal department at the company headquarters in Michigan and for the legal department to record the receipt of such papers in a litigation management computer system. They testified that there is no record of the company having received the papers in this case. Plaintiffs did not dispute that CT Corp. sent the summons and complaint to company headquarters in accordance with company procedure, but they nevertheless argued that defendant had not established excusable neglect. The trial court denied defendant's motion.

On appeal, defendant argues that the trial court erred in denying the motion to set aside the default judgment. Defendant argues that the court's decision cannot be squared with the Supreme Court's decision in *Wagar v. Prudential Ins. Co.*, 276 Or 827, 556 P2d 658 (1976), in which the court held that it was an abuse of discretion for a trial court to have failed to allow a motion to set aside a default judgment on nearly identical facts. Plaintiffs do not address the applicability of *Wagar* and instead urge us to follow an earlier decision, *Lowe v. Institutional Investors Trust*, 270 Or 814, 529 P2d 920 (1974), in which the court held that it was not an abuse of discretion for the trial court to have denied a motion to set aside a default judgment on substantially similar facts.

■    ORCP 71 B(1) provides, in part:

> "On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * *."

We review a trial court's decision on a motion filed pursuant to that rule for an abuse of discretion. *Brown v. City of Portland*, 140 Or App 63, 68, 913 P2d 1385 (1996).

The Supreme Court addressed the application of the foregoing principles in *Lowe*. In that case, the plaintiff personally served a summons and complaint on an individual who was authorized to accept service for the defendant corporation. *Lowe*, 270 Or at 816. When the defendant did not appear, the plaintiff obtained a default judgment. The defendant then moved to set aside the default judgment on

grounds of excusable neglect.[2] In support of the motion, the defendant offered an affidavit of the individual who had received service, who testified that it was common practice to forward legal service documents to the legal department and that he had no record of that having been accomplished. The trial court denied the motion, and the Supreme Court affirmed, holding that the trial court had not abused its discretion in concluding that the defendant had failed to establish that its neglect had been excusable. *Id.* at 819.

The Supreme Court faced a similar set of facts in *Wagar*. In that case, the plaintiff filed a complaint against the corporate defendant and served the summons and complaint on the corporation's registered agent in Oregon. When the defendant failed to appear, the plaintiff obtained a default judgment. The defendant then moved to set aside the default judgment on grounds of excusable neglect.[3] An affidavit from an employee in the defendant's legal department explained that its unerring practice required its registered agents to forward legal documents to the legal department and that the legal department had no record of receiving that particular summons and complaint. The registered agent testified that he mailed the summons and complaint to the legal department in accordance with his instructions and that he did not know that the documents had never arrived. The trial court denied the motion. The Supreme Court reversed.

The court's opinion in *Wagar* warrants careful scrutiny, particularly in the light of its prior decision in *Lowe*. The court began by acknowledging that its prior decisions uniformly held that a trial court's denial of a motion to set aside a default judgment for excusable neglect is reversible only for an abuse of discretion. *Wagar*, 276 Or at 832. The court followed that observation, however, with the comment that its prior cases also uniformly held that the rule allowing relief for default for excusable neglect should be liberally construed:

---

[2] At the time, ORS 18.160 (1971) provided that the court, in its discretion, could "relieve a party from a judgment * * * taken against him through his mistake, inadvertence, surprise or excusable neglect."

[3] In this case, as in *Lowe*, the defendant relied on the version of the rule then in effect, codified at ORS 18.160 (1973).

" 'The discretion of which the statute speaks is a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to defeat the ends of justice. * * *

" 'The statute is to be construed liberally to the end that every litigant shall have his day in court and his rights and duties determined only after a trial upon the merits of the controversy.' "

*Id.* (quoting *King v. Mitchell*, 188 Or 434, 441-42, 214 P2d 993 (1950)). The court followed that statement with more extensive citations to and quotations from other cases emphasizing that relief from default should be liberally afforded. Turning to the facts of the case before it, the court then said:

"Considered in the light of these authorities we think the trial court abused its discretion in denying the defendant's motion to set aside the judgment. Each case must be considered on its own facts. In this case the judgment was taken against the defendant through inadvertence or excusable neglect. Although the mail service may leave something to be desired, it is still the means of communication relied on by all segments of the population. * * *

"Also in this case the defendant, when notified that the default judgment had been entered, acted promptly to investigate the matter and to file its motion to set aside the judgment. It also promptly filed an answer to the complaint which contained two affirmative defenses. Setting aside the default would not have caused plaintiff any significant delay in having her case tried on its merits. Under these circumstances the order denying the motion to set aside the default judgment is reversed * * *."

*Id.* at 833-34.

The court reaffirmed its *Wagar* decision in *Hiatt v. Congoleum Industries*, 279 Or 569, 569 P2d 567 (1977), in which the trial court again was reversed for denying a motion to set aside a default judgment against a defendant that had failed to appear, allegedly because copies of the summons and complaint were lost in the mail. The court acknowledged *Lowe*, but said that the case was distinguishable, because in *Lowe* the registered agent had been personally served, and in *Hiatt* the registered agent had not been personally served. *Id.* at 578. The court did not address how that distinction applied

to *Wagar*, in which the registered agent also had been personally served.

The difference between *Lowe* and *Wagar* appears to be this: In *Lowe*, the registered agent who was personally served did not remember forwarding the service papers to the corporate legal department. In *Wagar*, in contrast, the registered agent who was personally served did remember putting the papers in the mail, and the papers simply were lost by the mail carrier. The court appears to have held that it is excusable neglect, as a matter of law, for registered agents to rely on mail carriers to deliver legal documents to corporate headquarters.

We explained *Lowe* and *Wagar* in roughly those terms in *Mount v. Massachusetts Mutual Life Ins. Co.*, 103 Or App 156, 796 P2d 388 (1990), *appeal dismissed* 311 Or 151 (1991). In that case, the plaintiff served the defendant's registered agent, who recalled receiving the papers, but could not recall whether he had given them to the office manager for forwarding to the home office in Massachusetts. The office manager did not recall receiving the papers from the registered agent. When the defendant failed to appear, the trial court granted the plaintiff's motion for an order of default and entered judgment against the defendant. On appeal, the defendant relied on *Wagar* and several subsequent cases following it in arguing that the trial court erred as a matter of law. We rejected the argument:

> "We agree with defendant that those cases establish a liberal standard for relieving corporate defendants from default when process goes awry in the corporation's procedures. We do not agree, however, that those cases support relief on a mere showing that the corporate officer or employee who is held out as the agent for service, and who is responsible for setting matters in motion when he receives service, cannot say to a probability what he did with the papers and whose speculation that he followed normal procedures is belied by the recollections of the other employees that they did not receive the papers. We also disagree with defendant that the relevant aspects of its showing in support of the motion amounted to anything more than that. If the default judgment in this case cannot stand, it is difficult to visualize any circumstance under which a

default could be taken against a corporation for any failure to appear that falls short of a wilful refusal."

*Id.* at 159 (citation omitted).

■ Turning to the facts of this case, we are confronted with circumstances that bear a remarkable resemblance to the facts of *Wagar*. The registered agent who personally received the summons and complaint followed normal procedure in forwarding the papers to corporate headquarters by Federal Express or a comparable overnight carrier. The documents apparently were lost by the carrier and never arrived. The first that defendant ever knew of the pendency of the lawsuit was upon receiving a copy of the default judgment. If those circumstances amounted to excusable neglect as a matter of law in *Wagar*, they must in this case as well.

Reversed and remanded.