Argued and submitted July 14, affirmed September 10, 1997

ALLIANCE CORPORATION,
an Oregon corporation,
*Respondent,*

*v.*

HBE CORPORATION,
dba Hospital Building & Equipment Company,
a Missouri corporation,
*Appellant.*

(960728149L; CA A95557)

944 P2d 982

Martin Leuenberger argued the cause for appellant. With him on the brief was Coughlin, Leuenberger & Moon, P.C.

Kim J. Trout argued the cause for respondent. With him on the brief were Orndorff & Trout, Kevin W. Luby and Jordan, Caplan, Paul & Luby.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Defendant appeals an order denying a motion to set aside a default judgment. ORCP 71 B. Defendant argues that the trial court abused its discretion in denying the motion to set aside, because defendant had established that, as a matter of law, its failure to appear timely was a result of excusable neglect. We find no abuse of discretion and affirm.

On July 25, 1996, plaintiff filed a complaint against defendant, a foreign corporation authorized to do business in Oregon. On July 30, a summons and complaint were served on CT Corporations Systems, defendant's registered agent in Oregon, and the documents were forwarded to defendant's corporate offices. On August 1, 1996, Robert Koester, defendant's general counsel, received the summons and complaint. Ordinarily, Koester would have given the file to a paralegal for calendaring and the creation of a legal file, but at that time, the paralegal position was vacant and was not filled until August 5. Meanwhile, other members of the legal department staff—another attorney and a secretary—were on vacation. Koester did not calendar the matter for a response and did not contact plaintiff's counsel. He recalled that he intended to make a note about the answer deadline, but that he did not do so, most likely because it was a busy day. He did give the summons and complaint to Terry Adams, defendant's controller, and asked that she investigate whether the matter could be resolved without filing an answer. Adams made a note to herself to respond within 20 days and put the papers on her desk. She took several days off, during which time her secretary cleaned her desk and misplaced the litigation papers. Plaintiff obtained a default judgment and, on September 11, 1996, Koester received notice of the judgment. Two weeks later, defendant filed a motion to set aside the default judgment along with an answer and counterclaim. The trial court denied the motion.

On appeal, defendant argues that it was entitled to have the default judgment set aside under ORCP 71 B. According to defendant, that rule provides the court with discretion to set aside a judgment on the ground of excusable

neglect, and, in this case, although Koester's conduct constituted neglect, it was excusable as a matter of law. In support of its arguments, defendant relies primarily on two cases: *Wagar v. Prudential Ins. Co.*, 276 Or 827, 556 P2d 658 (1976), and *Reitz v. Coca-Cola*, 36 Or App 487, 584 P2d 791 (1978). Plaintiff responds that the trial court did not abuse its discretion in denying the motion to set aside, that Koester's conduct was not excusable as a matter of law and that the cases on which defendant relies say nothing to the contrary. We agree with plaintiff.

■　　ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect * * *."

We review the trial court's decision to allow or to deny a motion filed pursuant to that rule for an abuse of discretion. *Walters v. Kmart Corp.*, 149 Or App 65, 68, 942 P2d 286 (1997).

In *Wagar*, the Supreme Court acknowledged the deferential standard by which appellate courts review trial court decisions under the predecessor statute to what is now ORCP 71 and emphasized that "[e]ach case must be considered on its own facts." 276 Or at 833. The court noted in that case that the defendant's registered agent had mailed the summons and complaint to corporate counsel, but that the papers had been lost in the mail. "Although the mail service may leave something to be desired," the court stated, "it is still the means of communication relied on by all segments of the population." *Id.* at 833. Accordingly, the court concluded that it was excusable as a matter of law for the defendant to have failed to appear timely, its corporate headquarters having received no notice of the lawsuit. *Id.* That case has no applicability to this case, in which nothing was lost in the mail and in which there is no dispute that corporate counsel actually received the summons and complaint.

In *Reitz*, the plaintiff personally served the president of the defendant corporation, who handed the summons

and complaint to the company controller. The controller misunderstood the president's instructions, and he simply filed the documents. We held that, under the circumstances, it was excusable for the corporation to have failed to appear timely to respond to the complaint. *Reitz*, 36 Or App at 495. This case presents no such circumstances in which nonlawyers apparently were confused about the proper response to the summons and complaint.

■ In this case, defendant's general counsel received the summons and complaint and knew that a response would be required within a limited period of time to avoid a default. Without making what he acknowledges would have been appropriate calendar notations, counsel handed the file to a nonlawyer employee who misplaced the file. His only explanation for his failure to make note of the deadline for answering was that he probably was very busy that day. We cannot say that the trial court abused its discretion in concluding that a lawyer simply forgetting to take steps to ensure a timely response to a summons and complaint is inexcusable neglect.

Affirmed.