Argued and submitted January 17, reversed and remanded February 13, 2002

## In the Matter of the Marriage of

### Jacqueline HAMEL-BISHOP,
nka Jacqueline M. Kilgore,
*Appellant,*

*and*

### Dennis L. BISHOP,
*Respondent.*

### 15-00-13702; A113922

40 P3d 561

Julie Gentili Armbrust argued the cause for appellant. With her on the brief was Linda J. Wilson & Associates.

No appearance for respondent.

Before Landau, Presiding Judge, and Brewer and Schuman, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Mother appeals a judgment that denies her motion to set aside an order enforcing a parenting plan. She contends that, among other things, the trial court abused its discretion in denying her motion. We agree and reverse and remand.

The parties were married in Oregon in 1990. They have one minor child. Their marriage was dissolved by stipulated judgment entered in Oregon in 1997. The judgment awarded mother custody of the child, and father was awarded parenting time to be agreed upon by the parties. The judgment provides that, if mother and the child move to another location, travel costs associated with visitation are to be shared.

One month after the entry of the dissolution judgment, mother and the child moved to Texas. Father was aware of the move. He traveled frequently to Texas to spend time with the child. Meanwhile, mother registered the dissolution judgment in Texas.

During 2000, father complained that mother unreasonably had begun to limit his time with the child. On January 3, 2001, he filed a "Motion for Order to Show Cause re Enforcement of Parenting Plan" in Lane County Circuit Court. The trial court entered an order to show cause and set the matter for hearing on January 22, 2001. Mother was served with a copy of the motion in Texas on January 9, 2001.

Mother retained a lawyer in Texas. On January 15, 2001, that lawyer sent to the Lane County Circuit Court a "Special Appearance" asserting that the Oregon court lacked both subject matter and personal jurisdiction. On January 22, 2001, the court returned the document to Texas because there was no indication that counsel was admitted to practice in this state. The same day, the trial court noted mother's failure to respond to father's motion in any way and briefly took testimony from father. On the basis of that testimony, it entered an order enforcing a specified parenting plan on February 1, 2001.

Mother then retained Oregon counsel and, on February 15, 2001, moved to set aside the order enforcing the parenting plan. At the hearing on the motion, the trial court asked mother whether she had established the grounds for setting aside the order under ORCP 71 B. Mother replied that, because she had retained Texas counsel who had filed a response to father's motion, and because she had no notice from the court before the January 22, 2001, hearing that the response had no legal effect, her failure to appear was excusable. The trial court disagreed and denied the motion.

■ On appeal, mother reiterates her contention that her failure to appear was excusable because she had no way of knowing that her Texas lawyer's "Special Appearance" had no effect. In support of her appeal, she relies on *May and May*, 55 Or App 396, 637 P2d 1373 (1981).

■■ Under ORCP 71 B(1), a judgment may be set aside for—among other reasons—"mistake, inadvertence, surprise, or excusable neglect." We review a trial court's decision to grant or deny motions to set aside under ORCP 71 B(1) for an abuse of discretion. *Walters v. Kmart Corp.*, 149 Or App 65, 68, 942 P2d 286, *rev den* 326 Or 59 (1997). In conducting that review, however, we are mindful that ORCP 71 B is "predicated on the underlying policy that defaulted parties are entitled to have their day in court, when it can be done without doing violence to the regular disposition of litigation." *National Mortgage Co. v. Robert C. Wyatt, Inc.*, 173 Or App 16, 23-24, 20 P3d 216, *rev den* 332 Or 430 (2001). Thus, ORCP 71 B is to be liberally construed to accomplish that goal. *Wood v. James W. Fowler Co.*, 168 Or App 308, 312, 7 P3d 577 (2000). As the Supreme Court explained in *Hiatt v. Congoleum Industries*, 279 Or 569, 579, 569 P2d 567 (1977), "[o]rdinarily, if [a movant] presents reasonable grounds excusing his default, the courts are liberal in granting relief." (Internal quotation omitted.)

Illustrative of those principles is our decision in *May*. In that case, the wife was served with a petition for dissolution and an order granting temporary custody of the parties' children to the husband. The wife immediately retained counsel. The wife understood counsel to have assured her that he would file an appearance. The attorney testified that,

indeed, he may have told her that, but he forgot to file the appearance. When the husband later obtained a judgment by default, the wife moved to set aside the judgment. The trial court denied the motion, finding that the wife had failed to show surprise, inadvertence, or excusable neglect.[1]

We reversed. We noted that the wife believed that her former attorney had filed an appearance for her and that she would receive notice of any further proceedings. We observed that, while she may have been mistaken in those beliefs, they nevertheless were reasonable. *Id.* at 399. Under the circumstances, we held, the wife had demonstrated that the judgment had been entered against her as a result of mistake, inadvertence, surprise, or excusable neglect and that the trial court had abused its discretion in holding to the contrary. *Id.*

In this case, as in *May*, mother believed that her attorney had filed an appearance for her and that, as a result, she would be notified of any future proceedings. In fact, her belief was mistaken, but there was nothing to suggest that it was unreasonable. What her attorney did file turned out to be legally ineffective, but the court did not notify her of that fact until *after* the hearing at which judgment was entered against her. Thus, as in *May*, mother had no way of knowing that any action would be taken against her without notice of additional proceedings. We conclude that the judgment in this case was entered as a result of mistake, inadvertence, surprise, or excusable neglect and that the trial court abused its discretion in reaching a contrary conclusion.

Reversed and remanded.

---

[1] At that time, the case was controlled by the statutory precursor to ORCP 71 B(1), ORS 18.160 (1979), which provided that the court, in its discretion, could set aside a judgment taken through "mistake, inadvertence, surprise or excusable neglect."