Argued and submitted May 26, reversed and remanded with instructions for the court to enter a judgment confirming the arbitration award consistent with this opinion July 7, 2016

Daylen LAWRENCE,
*Plaintiff-Appellant,*

*v.*

Amber BAILEY,
*Defendant-Respondent.*

Multnomah County Circuit Court
15CV06417; A159882

379 P3d 863

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Michael A. Lehner argued the cause for respondent. With him on the brief was Lehner & Rodrigues, P.C.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wilson, Senior Judge.

**ORTEGA, P. J.**

Plaintiff appeals a judgment confirming an arbitration award and entering a money award of $6,944.50 for plaintiff. On appeal, she raises two assignments of error. First, she asserts that the trial court "was required, but failed, to grant plaintiff's petition to confirm" the arbitration award under ORS 36.700 and enter a money award of $9,074.50. Second, she asserts that the court erred in granting defendant's petition to "modify or correct" the arbitration award because the court had no basis to confirm an award for $6,944.50. We reject plaintiff's first assignment but, as to her second assignment, we conclude that the court erred in entering a judgment that established $6,944.50 as the amount of the money award. Accordingly, we reverse and remand the judgment for entry of a judgment confirming the arbitration award consistent with this opinion.

The relevant facts are undisputed. Plaintiff was injured in a motor vehicle accident and filed a personal injury action in Multnomah County Circuit Court. The parties agreed to submit the claim to binding arbitration and to dismiss plaintiff's action with prejudice. Defendant did not dispute liability, and the parties held an arbitration hearing on December 4, 2014, to address the only remaining issue— the extent of plaintiff's injury. Four days later, the arbitrator issued a letter opinion finding that plaintiff suffered $2,324 in economic damages (medical expenses) and $5,000 in noneconomic damages. On December 10, 2014, the arbitrator issued a second letter opinion briefly addressing an issue regarding plaintiff's costs, and also issued an "Arbitration Award" that purported to award plaintiff $2,324 in economic damages, $5,000 in noneconomic damages, and costs and disbursements totaling $1,750.50.[1]

The parties apparently disagreed about the content of the award and whether defendant was entitled to a credit for medical expenses already paid by defendant's insurer.

---

[1] The arbitrator accidently filed the "Arbitration Award" in the previously dismissed Multnomah County Circuit Court case. However, the arbitrator withdrew the award once he realized that the case had been dismissed and that it was not a "mandatory arbitration" case. *See* ORS 36.400 - 36.425 (establishing mandatory arbitration program in circuit court matters involving $50,000 or less).

On February 23, 2015, the arbitrator issued a third letter opinion to address "disagreements regarding what the award meant." We quote the letter at length because it is important to our resolution of this appeal.

"Unfortunately, following my Award there have been disagreements regarding what the Award meant. Unfortunately, I did not know that this case had been dismissed prior to the hearing and therefore I sent in an Arbitration Award. That Award has been withdrawn. On December 8, 2014, I issued a decision letter on this case, a copy of which I am enclosing with [this] letter and incorporating by reference herein. Consider this letter, with the enclosed letters [i.e., the December 8, 2014, and December 10, 2014, letter opinions], as the decision in this case.

"As indicated, the Plaintiff is awarded the following damages:

| | |
|---|---|
| "Economic damages (medical expenses): | $2,324.00 |
| "Noneconomic damages: | $5,000.00 |
| "Plaintiff's cost bill: | $1,750.50 |
| "TOTAL | $9,074.50 |

"* * * My decision letter is final and even though the issue of credit for the awarded medical bill previously paid had not been covered in my Award, it certainly is my intent and my judgment is that regarding the economic damages (medical bills awarded in the amount of $2,324) that any amount paid by insurance and which may be due to another party * * * will be paid by the Defendant one time. In other words, if there is a lien for any amount of the awarded medical expenses, that will be satisfied by the Defendant and that will pay the amount awarded.

"Hopefully this makes sense, but basically I agree with the Defendant in this case regarding the economic damage award and how that issue should be handled."

Plaintiff filed a petition under ORS 36.700[2] to confirm the arbitration award in the amount of $9,074.50. She

_____

[2] ORS 36.700 establishes that a party to an arbitration proceeding that has received a notice of an award may, under the Uniform Arbitration Act, petition the court "for an order confirming the award." "The court shall issue a confirming order within 20 days after the petition is served on the other parties" unless a party asks the arbitrator to modify or correct the award under ORS 36.690 or

attached as exhibits the arbitrator's December 8, 2014, letter opinion and the December 10, 2014, "Arbitration Award," but not the final letter opinion issued in February 2015.

Defendant then filed a "Petition to Modify or Correct Arbitration Award" under ORS 36.710. In her petition, defendant asserted that the court should not confirm the December 10, 2014 "Arbitration Award" but, instead, should confirm the arbitration award that was reflected in all three letter opinions issued by the arbitrator. Further, defendant asserted that the appropriate understanding of the arbitration award was that defendant would receive credit for "an offset of $2,130 paid in reimbursement to plaintiff's health insurer" through a third party. Therefore, defendant asserted to the court that it should confirm the arbitration award in an amount of $6,944.50 to account for a $2,130.00 offset.

At a hearing to address the parties' pleadings, the trial court first recognized that the parties disagreed as to what the arbitrator's decision exactly encompassed. Relying on the explicit text of the February 2015 letter, the court rejected plaintiff's assertions that the letter was not part of the award, concluding that "all three letters of [the arbitrator are] the arbitration award and I believe all three letters should be confirmed." Accordingly, the court denied plaintiff's petition to confirm the arbitration award, which asserted that the February 2015 letter was not part of the award.

Next, the court addressed defendant's petition. First, the court explained that, although defendant's petition was styled as a petition to "modify or correct" the arbitration award under ORS 36.710, the court interpreted defendant's petition "as a [cross-petition] to confirm the arbitration award * * * and that arbitration award is reflected in these three letters." Plaintiff did not object to the court's decision to treat the pleading as a cross-petition.

The parties then argued about the offset sought by defendant. Plaintiff's basic view was that defendant had not

a party petitions the court "to vacate, modify, or correct the award under ORS 36.705 or ORS 36.710."

presented any evidence to the arbitrator that her insurer had made advance payment to plaintiff's health care provider and, therefore, the arbitrator had no basis on which to determine the amount of the offset. In fact, plaintiff pointed out that the arbitration award had not included a particular offset amount, and the only amount mentioned in the February 23, 2015, letter was a total award of $9,074.50. The court explained that, given that it was simply being asked to confirm an arbitration award, it had no knowledge of what was and was not presented to the arbitrator.

Defendant informed the court that plaintiff had submitted to the arbitrator a ledger outlining dates of service and the amounts charged for those services. Therefore, in defendant's view, the arbitrator had evidence from which he could calculate the offset. Defendant went on to explain that the actual offset was lower than the sum total of plaintiff's economic damages as found by the arbitrator. Apparently, defendant's insurer had paid $2,130 to plaintiff's health care providers, not the full $2,324 of medical expenses that the arbitrator found plaintiff had incurred.

Plaintiff objected that defendant's assertions were "factual in nature" and that "nowhere before the court in this proceeding are the facts that are claimed to be facts by [defendant] found." Plaintiff asserted that, if evidence had been presented to the arbitrator about "how much a credit ought to be, * * * plaintiff * * * would have confessed (undecipherable) the amounts" but

> "[t]his court is now being asked to grant a credit of an unknown amount. There isn't anything in the submissions to the court that would suggest how much that credit ought to be or what it's based upon. The reason in part for that is this court has no authority to reopen the record and now receive evidence that wasn't presented to the arbitrator."

Plaintiff also objected on the basis that the amount asserted by defendant to be the correct amount of the judgment—$6,944.50—was "not referred to in any of the arbitrator's decisions nor is it in any document submitted to this court" and "there is no evidence before the court that the arbitrator granted this credit."

The court granted defendant's cross-petition to confirm the arbitration award and entered a money award of $6,944.50, thus accounting for the offset of medical expenses which defendant asserted she had paid. The court explained that a "subtraction of the $2,130 from the figure of $9,074.50 * * * can be determined from the four corners of" the February 2015 letter opinion.

Plaintiff appeals, arguing in her first assignment of error that the court erred by denying her petition to confirm the arbitration award. We reject that assignment of error for the simple reason that plaintiff's petition failed to provide the court with the entire arbitration award. As the arbitrator's February 23, 2015, letter opinion explicitly stated, the parties should "[c]onsider this letter, with the enclosed letters [*i.e.*, the December 8, 2014, and December 10, 2014, letter opinions], as the decision in this case." It follows that the court did not err by denying plaintiff's petition when the court learned that plaintiff had failed to present the entire arbitration award with her petition.

In her second assignment of error, plaintiff asserts that the court committed error by granting defendant's cross-petition and entering a judgment and money award of $6,944.50.[3] Plaintiff argues that the arbitrator's award did not provide defendant with any credit for medical expenses already paid by defendant's insurer and, moreover, the award did not set the amount of any offset for expenses paid. In those circumstances, plaintiff claims that the court lacked authority to "grant a credit" when there was no evidentiary basis for doing so. In plaintiff's view, the court should simply have confirmed the arbitration award as awarding plaintiff $9,074.50 in damages and entered a money award in that same amount.

---

[3] Defendant asserts that plaintiff failed to preserve her second assignment, pointing out that plaintiff focuses that assignment on the lack of authority for the court to "modify or correct" an arbitration award under ORS 36.710 in the circumstances of this case. Although defendant is correct that, because the court considered defendant's pleading as a cross-petition, plaintiff's arguments regarding ORS 36.710 are misplaced, given the arguments made below and on appeal, and the caption of the court's order addressing defendant's petition as a petition to "modify or correct," we conclude that plaintiff's second assignment was preserved and plaintiff's argument challenging the amount of the money award is properly before us.

Defendant responds that the "court simply confirmed the award as clarified by the [February 2015] letter. [It] did not modify or correct the award. The court adhered to the letter of the arbitrator's decision." As for the court's determination as to the proper amount of the offset, defendant compares the court's action to the method "used after verdict in a jury trial to obtain reduction for an advance payment."

We conclude that plaintiff is partially correct. That is, the court, in confirming the arbitration award, erred by establishing the amount of the credit for advanced payment of medical expenses. However, plaintiff is incorrect to suggest that the arbitration award did not recognize that defendant was entitled to a credit.

In short, the arbitration award expressed by the arbitrator in the three letter opinions awarded plaintiff $9,074.50, but also recognized that defendant was entitled to a credit for medical expenses that she had paid to plaintiff's health care providers. Plaintiff is correct that the arbitrator did not establish the amount of that credit anywhere in the award. Plaintiff is also correct that it was error for the circuit court to decide that amount in the proceedings to confirm the arbitration award. The process to confirm an arbitration award is intended to be a summary proceeding where the court, if appropriate, issues an order confirming the arbitrator's award and, if requested, reduces the award to an enforceable judgment. *See* 6 CJS *Arbitration* § 180 (2016) ("Confirmation is a summary proceeding where the court merely converts an arbitration award into a final judgment."). Nowhere is the court granted authority to reconsider the merits of the arbitrator's decision. *Id.* ("Generally, a proceeding for confirmation of an arbitration award is not a trial of the issues, or a separate proceeding * * * [and] a court has no authority to hear the case anew or on the merits." (Footnotes omitted.)). And, in Oregon, the court can modify or correct an arbitrator's award only in limited circumstances not applicable here. *See generally* ORS 36.710. Notably in this case, the court did not even have a record of the arbitration hearing. The court's authority was limited to confirming the arbitration award, which in this case did

not assign an amount as to the credit that defendant was entitled to for advanced medical payments.

Instead, the court should have entered an order and judgment that reflects all that the arbitrator actually decided and only that—*i.e.*, plaintiff had damages of $9,074.50 and defendant was entitled to a credit for medical expenses that her insurer had already paid. To the extent that leaves open the issue of the amount of credit to which defendant is entitled, satisfaction and enforceability of the judgment may be affected, and presumably any future dispute as to whether defendant has satisfied that judgment can be dealt with in the proceedings provided for enforcement of a judgment in a civil proceeding. *See* ORS 36.715 (judgment confirming an arbitration award may be "enforced as any other judgment in a civil action").

Reversed and remanded with instructions for the court to enter a judgment confirming the arbitration award consistent with this opinion.