Argued and submitted August 10, reversed September 14, 2016

## Gerald W. HODDENPYL,
*Plaintiff-Respondent,*

*v.*

## Kathleen Q. FISKUM,
*Defendant-Appellant.*

Multnomah County Circuit Court
14CV11259; A158855

383 P3d 432

Thomas M. Christ argued the cause for appellant. With him on the briefs was Cosgrave Vergeer Kester LLP.

Joseph T. Copeland argued the cause for respondent. With him on the brief was Copeland Law, PC.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## SERCOMBE, P. J.

In this personal injury case, following a default order and entry of a judgment in favor of plaintiff, defendant moved to set aside the judgment under ORCP 71 B(1) on the grounds of excusable neglect. Prior to the default, defendant's attorney attempted to respond to the complaint by sending plaintiff's attorney a letter stating an intent to file an appearance under ORCP 69 B, but the letter was sent to the wrong address. The trial court determined that marking the letter with the wrong destination was not excusable neglect and denied defendant's motion to set aside the judgment. As explained below, we reverse.

The few pertinent facts are procedural in nature. Plaintiff brought a personal injury claim against defendant seeking damages for injuries he had sustained in an automobile accident in which defendant was the other driver. After being served with the complaint, defendant tendered the claim to her insurer, Farmers Insurance Company (Farmers). Farmers, in turn, directed its in-house counsel firm to respond to the complaint. The matter was assigned to an attorney, Thompson. Thompson asked his staff to prepare a letter to plaintiff's counsel, Copeland, that contained a "written notice of intent to file an appearance" under ORCP 69 B.[1] Under that rule, if an intent to file an appearance is provided, then "notice of the intent to apply for an order of default must be filed and served at least 10 days" before seeking an order of default. Such a letter was prepared by staff, signed by Thompson, and sent to Copeland, but it was sent to the wrong address. Instead of using Copeland's

---

[1] ORCP 69 B provides:

"B(1) For the purposes of avoiding a default, a party may provide written notice of intent to file an appearance to a plaintiff, counterclaimant, or cross-claimant.

"B(2) If the party against whom an order of default is sought has filed an appearance in the action, or has provided written notice of intent to file an appearance, then notice of the intent to apply for an order of default must be filed and served at least 10 days, unless shortened by the court, prior to applying for the order of default. The notice of intent to apply for an order of default cannot be served before the time required by Rule 7 C(2) or other applicable rule or statute has expired. The notice of intent to apply for an order of default must be in the form prescribed by Uniform Trial Court Rule 2.010 and must be filed with the court and served on the party against whom an order of default is sought."

address as shown on the complaint, Thompson's staff used an outdated address from the firm's electronic directory that had been Copeland's address when he litigated three earlier lawsuits with the firm.

Consequentially, plaintiff did not provide defendant with any notice of intent to apply for an order of default. An *ex parte* order of default was entered and, after a hearing on damages, the court entered a judgment for $37,296 in favor of plaintiff. Upon learning of the default, defendant immediately moved to set aside the judgment under ORCP 71 B(1), asserting that the clerical error in putting the wrong address on the letter constituted "excusable neglect" under ORCP 71 B(1).[2] The trial court denied the motion without explanation. Defendant appeals. *See* ORS 19.205(3) (providing for the appealability of an "order that is made in the action after a general judgment is entered and that affects a substantial right").

On appeal, defendant argues that neglect leading to default judgment is "excusable" under ORCP 71 B(1)—and thus grounds for setting the judgment aside—whenever, as here,

> "the defendant, or someone acting on the defendant's behalf, takes reasonable steps to respond to the complaint, even if the process breaks down later because of a subordinate's mistake. The leniency in that rule derives from the law's preference for deciding cases on the merits and giving litigants their 'day in court.'"

Plaintiff responds that defendant presented insufficient evidence to show that her initial steps to respond to the complaint were reasonable. Plaintiff specifically claims that

> "defendant failed to present evidence identifying the person who committed the error and why the error was committed. Defendant failed to present evidence that her attorney's

---

[2] ORCP 71 B(1) provides, in part:

"On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; * * *. A motion for reason[] (a) * * * shall be accompanied by a pleading or motion under Rule 21 A which contains an assertion of a claim or defense. The motion shall be made within a reasonable time, and for reason[] (a), * * * not more than one year after receipt of notice by the moving party of the judgment."

office had any policies or procedures in place for updating its databases or whether the unidentified employee was complying with office policies or procedures in relying on the address in the database instead of the address listed on the pleadings or with the Oregon State Bar."

We agree with defendant that her actions to respond to the complaint, including sending the ORCP 69 B letter, were reasonable steps to respond to the complaint and, because of that, the negligence in the preparation of the letter was excusable under ORCP 71 B(1). Contrary to plaintiff's suggestion, it matters little how the negligence in the addressing of the letter came about or which subordinate was negligent. Rather, the probative issue is whether there were reasonable steps taken to respond to the complaint, even if one of those steps was negligently undertaken.

A motion under ORCP 71 B(1) may be granted if (1) the judgment was entered by virtue of mistake, inadvertence, surprise, or excusable neglect; (2) the defendant acted with reasonable diligence after learning about the judgment; and (3) the defendant asserts a meritorious defense to the action. *Saldivar v. Roberts*, 240 Or App 371, 375, 246 P3d 91 (2011).[3] When considering a motion for relief from default,

"it is the court's responsibility to liberally construe ORCP 71 B(1)(a) so as to avoid the harsh result of depriving a party of its day in court. As an aspect of that liberal construction, the court views the facts in the light most favorable to the party seeking relief from the default."

*Id.* (citation omitted). Although we review a trial court's ultimate decision to grant or deny relief under ORCP 71 B(1) for abuse of discretion, "whether certain conduct or inaction

---

[3] Plaintiff does not dispute that defendant acted with reasonable diligence and had a meritorious defense. The parties do not discuss on appeal whether the error in not addressing the letter properly was a "mistake" under ORCP 71 B(1). *See Terlyuk v. Krasnogorov*, 237 Or App 546, 553-54, 240 P3d 740 (2010), *rev den*, 349 Or 603 (2011) ("In most cases under ORCP 71 B, we have usually applied just the 'excusable neglect' component of the rule without regard to whether the conduct might also be mistaken or inadvertent."). Plaintiff acknowledges, under the circumstances of this case, that, if defendant established excusable neglect, there was no reason for the court to exercise its discretion to deny relief. The only issue on appeal, then, is whether the judgment was entered by virtue of excusable neglect.

constitutes 'excusable neglect' is a question of law, and we review the trial court's answer to that question for legal error." *Johnson v. Sunriver Resort Limited Partnership*, 252 Or App 299, 306, 287 P3d 1153 (2012), *rev den*, 353 Or 280 (2013).

*Johnson* supplies the answer to the legal question of whether defendant's conduct responding to the complaint constitutes "excusable neglect." In that case, implementing the principle of liberally construing ORCP 71 B(1) to allow litigants their day in court, we explained:

> "Generally speaking, neglect that leads to a default will be deemed 'excusable' when a defendant, or a person acting on the defendant's behalf, took reasonable initial steps to ensure that an appropriate response would be filed to a complaint, even though the process later broke down. * * *
>
> "That principle applies even when one person acting for the defendant takes reasonable steps to get the response process underway, but another person later fails to perform his or her associated duties[.] * * *
>
> "[Another] principle may be thought of as the converse of the [previous principle]: when a defendant did *not* take any reasonable steps to respond to a complaint, we have held, the defendant's neglect was *in*excusable."

252 Or App at 306-07 (emphases in original).

In *Johnson*, an adjuster for the defendant's insurer tried to settle a claim and, failing that, sent the complaint to her supervisor, who transferred it to another adjuster who handled litigated claims. That adjustor failed to refer the complaint to legal counsel and a default was taken. We affirmed the trial court's decision to grant relief from the default, observing that the defendant "did not simply ignore the summons and complaint" and "did not entirely drop the ball." *Id.* at 309. Instead, the first adjuster and supervisor "each took steps reasonably calculated to ensure that an appropriate response to the complaint would be filed on defendant's behalf." *Id.* It was "[o]nly after those reasonable steps had been taken to prevent a default" that the second adjuster "neglect[ed] his responsibilities to review the complaint and * * * refer it to defense counsel." *Id.* That "neglect by a downstream subordinate employee [was] 'excusable'

and justified the trial court's decision to set aside the default judgment under ORCP 71 B(1)(a)." *Id.*; *see also Terlyuk v. Krasnogorov*, 237 Or App 546, 549-50, 555, 240 P3d 740 (2010), *rev den*, 349 Or 603 (2011) (insurance adjustor's mistaken assumption that complaint and summons had not been filed and notification to the insured that a lawsuit could be filed merited relief from default because it was "not a deliberate disregard of plaintiffs' claim or a failure to act, but a failure to take the correct action").

Applying those principles here, defendant took a reasonable initial step to respond to the complaint by tendering it to her insurer, who, under its policy, was obliged to defend her against this type of lawsuit. The insurer reasonably took the step of promptly hiring a law firm to provide the defense. The firm assigned the case to one of its lawyers, who took the next step and directed a subordinate to prepare the ORCP 69 B letter. The letter was prepared and sent to plaintiff's counsel, albeit at the wrong address. All of those actions were reasonable initial steps to ensure that an appropriate response would be filed to the complaint. That conclusion holds true even though the person tasked with preparing the letter failed to perform his or her duty to properly address the letter. Unlike cases where a defendant failed to take any steps to respond to the complaint or deliberately disregarded plaintiff's claim, this was simply a case of neglect in the course of proper actions to respond to the complaint and, thus, "excusable" as a matter of law under ORCP 71 B(1).

Plaintiff nonetheless argues that the neglect in failing to properly send the letter to his counsel was that of Thompson, that an attorney should be held to a higher standard in what constitutes excusable neglect, and that, under that higher standard, Thompson's neglect in not checking the address is inexcusable. We reject that contention for two reasons.

We first observe that,

"[t]o analyze excusable neglect, a court must consider the totality of the circumstances surrounding the defendant's failure to respond to the complaint or other filing, and that may often require the defendant to establish who the

responsible individual was at each significant step in the defendant's efforts to respond to litigation and what those individuals did."

*PGE v. Ebasco Services, Inc.*, 263 Or App 53, 65, 326 P3d 1274 (2014). Here, as we have already noted, there was a course of action by several actors—defendant, Farmers, the law firm, Thompson, and the subordinate who prepared the letter—to respond to the complaint. The excusable neglect conclusion is not based only on the accountability of Thompson but, instead, flows from the totality of the circumstances presented. Furthermore, as noted, the principle of allowing defaulted parties to have their day in court through liberal construction of ORCP 71 B(1) "applies even when one person acting for the defendant takes reasonable steps to get the response process underway, but another person later fails to perform his or her associated duties." *Johnson*, 252 Or App at 307. Even if we considered the neglect to be that of Thompson alone, it would be excusable in light of the reasonable actions to respond by others who had responsibilities, as well, to take actions to respond to the complaint. *Cf. Union Lumber Co. v. Miller*, 263 Or App 619, 625, 328 P3d 1284 (2014) ("We have generally held that any ineffectiveness of legal counsel in avoiding a judgment, *by itself*, is not excusable neglect sufficient to require relief under the rule." (Emphasis added.)).

Second, there is no support for plaintiff's argument that mistakes by lawyers in matters not involving the exercise of professional judgment—such as checking the address of a letter—are inexcusable under ORCP 71 B(1). Indeed, we have allowed relief in some cases involving professional mistakes by lawyers. *See Mary Ebel Johnson, P.C. v. Elmore*, 221 Or App 166, 169-71, 189 P3d 35, *rev den*, 345 Or 301 (2008) (defense counsel's mistake in assuming that an answer to the complaint was not due while a settlement offer was pending was excusable neglect); *Morrell v. Lane County*, 35 Or App 793, 795-97, 582 P2d 847 (1978) (erroneous assumption by attorney that no appearance was due pending an upcoming show cause hearing, an assumption that was "consistent with actual local practice," constituted excusable neglect as a matter of law). Thus, there is no *per se* rule categorizing any neglect by a lawyer as inexcusable,

much less neglect with respect to a task that is clerical or administrative in nature. *See Stull v. Ash Creek Estates, LLC,* 187 Or App 63, 69, 66 P3d 515 (2003) ("Our decisions * * * make clear that, if the person who is responsible for responding to a complaint or motion can say with some certainty that he or she took action either to file a document with the court or to have someone else file it, the failure to ensure that the document in fact was filed is excusable neglect.").

For all of those reasons, as a matter of law, the circumstances in this case constitute excusable neglect. The trial court erred in concluding otherwise.

Reversed.