Argued and submitted November 15, 2018, reversed and remanded
December 4, 2019

Daylen LAWRENCE,
*Plaintiff-Respondent,*

*v.*

Amber BAILEY,
*Defendant-Appellant.*

Multnomah County Circuit Court
15CV06417; A164753

454 P3d 16

In this second appeal arising from a binding arbitration award in tort litigation, defendant appeals from both an order denying her relief from a judgment under ORCP 71 B(1)(e) and the underlying judgment. After the first appeal, and before the trial court entered a new judgment as instructed on remand, defendant moved for satisfaction of the judgment. The trial court denied defendant's motion on the ground that it lacked authority, at that time, to determine whether defendant had satisfied the judgment. The court then entered a judgment for plaintiff reflecting the full amount awarded by the arbitrator and stating that defendant was entitled to a credit for any payments determined to have been made by defendant's insurer. Defendant subsequently moved for satisfaction of that judgment under ORCP 71 B(1)(e), providing evidence that her insurer had paid the remaining amount due. Plaintiff contested the motion, arguing that it was an impermissible motion for reconsideration of defendant's prejudgment motion for satisfaction. The trial court denied the motion on the basis that it was an impermissible motion for reconsideration under a local rule. Defendant argues that the trial court erred in denying her ORCP 71 B(1)(e) motion on that ground. *Held*: Defendant's motion did not seek reconsideration of an earlier ruling. The motion instead sought the credit to which defendant was entitled by the terms of the judgment. Accordingly, the trial court erred when it denied defendant's motion on that basis.

Reversed and remanded.

Jerome E. LaBarre, Judge.

Jonathan Henderson argued the cause for appellant. Also on the briefs were Carl R. Rodrigues and Davis Rothwell Earle & Xóchihua, P. C.

Willard E. Merkel argued the cause for respondent. Also on the brief was Merkel & Associates.

Before DeHoog, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

HADLOCK, J. pro tempore.

Reversed and remanded.

**HADLOCK, J. pro tempore**

Defendant moved under ORCP 71 B(1)(e) for relief from a judgment, contending that the judgment had been satisfied. The trial court denied the motion on the ground that it was an impermissible motion for reconsideration. Defendant appeals from both the underlying judgment and the order denying her ORCP 71 B(1)(e) motion. For the reasons set out below, we conclude that the trial court erred when it determined that defendant's motion impermissibly sought reconsideration of an earlier ruling. Accordingly, we reverse and remand.

The pertinent facts are procedural and undisputed. This is the second appeal arising from tort litigation related to a motor vehicle accident in which plaintiff was injured. As we explained in the first appeal, after plaintiff filed a civil action in circuit court, the parties agreed to submit the claim to binding arbitration. *Lawrence v. Bailey*, 279 Or App 356, 357, 379 P3d 863 (2016) (*Lawrence I*). The arbitrator ultimately awarded plaintiff a total of $9,074.50, including $2,324.00 in medical expenses, and stated that it was his intent that any amount that had been paid by insurance would be paid only "one time." *Id*. at 358. Following a proceeding to confirm the award, the circuit court entered a judgment for $6,944.50, reflecting a $2,130.00 credit for payment that defendant asserted her insurer had made to plaintiff's health care providers. *Id*. at 359-61. On plaintiff's appeal, we held that the arbitration award "recognized that defendant was entitled to a credit for medical expenses that she had paid to plaintiff's health care providers," although the arbitrator "did not establish the amount of that credit anywhere in the award." *Id*. at 362. Because the arbitrator had not established the amount of the credit to which defendant was entitled, we explained, the circuit court "should have entered an order and judgment that reflects all that the arbitrator actually decided and only that—*i.e.*, plaintiff had damages of $9,074.50 and defendant was entitled to a credit for medical expenses that her insurer had already paid." *Id*. at 363. We reversed and remanded for entry of a judgment so stating. In doing so, we observed that processes remained available for determining the amount of the credit:

"To the extent that leaves open the issue of the amount of credit to which defendant is entitled, satisfaction and enforceability of the judgment may be affected, and presumably any future dispute as to whether defendant has satisfied that judgment can be dealt with in the proceedings provided for enforcement of a judgment in a civil proceeding. *See* ORS 36.715 (judgment confirming an arbitration award may be 'enforced as any other judgment in a civil action')."

*Id*.

On remand, the parties submitted competing proposed forms of judgment. Before any new judgment was entered, defendant moved in February 2017 for a satisfaction of judgment, based on her assertions that her insurer had paid plaintiff's health care providers $2,130.00 in 2012 and that defendant had subsequently paid the remaining $6,944.50, which had resulted in entry of a partial satisfaction of judgment in 2015. Defendant accordingly sought an order recognizing full satisfaction of the judgment. As authority for that motion, defendant cited *former* ORS 18.410 (1995), *repealed by* Or Laws 2003, ch 576, § 580, which she described as the statute that "sets out the procedure for the court to determine if a judgment has been satisfied or, if not satisfied, to determine the payment needed to fully satisfy a judgment."

At a March 2017 hearing on defendant's motion and the proposed forms of judgment, plaintiff argued that there could not be "satisfaction of a judgment that hasn't been entered." Plaintiff also pointed out that *former* ORS 18.410 (1995) had been repealed. In addition, she asserted that the attachments to defendant's motion (which consisted largely of correspondence between the parties' lawyers) did not amount to evidence of the amount that defendant's insurer had paid. The trial court denied defendant's motion and ultimately, in keeping with our holding in *Lawrence I*, entered a judgment that included a money award in the amount of $9,074.50 and stated that defendant "shall be entitled to a credit against said judgment in a sum equal to the amount to be determined to have been paid by her insurer * * * in reimbursement for medical expenses."

At the end of the hearing, defendant sought to clarify the reason that the trial court was denying her motion for satisfaction of judgment and, in doing so, expressed her understanding that the "motion for satisfaction of judgment *under the current procedural posture of this case* is denied." (Emphasis added.) The trial court stated, "That's correct." The court added that it was denying the motion "for a host of reasons, including what's in the language of the opinion"— apparently referring to *Lawrence I*, which the parties and court had been discussing—"and the function of the Court *at this time* under Oregon law." (Emphasis added.) Thus, the court appears to have believed that *Lawrence I* limited its authority, at that time, to entering the judgment and that it could not then also enter a satisfaction of judgment. The court entered the judgment in March 2017.

Defendant filed a notice of appeal from that judgment and, in May 2017, moved for relief from the judgment under ORCP 71 B(1)(e) on the ground that the judgment had been satisfied.[1] Defendant supported her ORCP 71 B(1)(e) motion with evidence, including a copy of the check that had been tendered by defendant's insurer and endorsed by plaintiff's health care provider. Plaintiff opposed the motion solely on the ground that it was an impermissible motion for reconsideration and therefore prohibited under Multnomah County Supplementary Local Rule (SLR) 5.045(1), which provides, in part: "No Motion for Reconsideration on any pre-trial, trial, or post-trial civil or criminal matter shall be heard, reviewed, or considered by any judge * * *." Plaintiff

---

[1] ORCP 71 B allows for a motion under that section to be filed while an appeal is pending and it provides, in pertinent part:

"B(1) * * * On motion and upon such terms as are just, the court may relieve a party or such party's legal representative from a judgment for the following reasons: * * * (e) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. * * *

"B(2) * * * A motion under sections A or B may be filed with and decided by the trial court during the time an appeal from a judgment is pending before an appellate court. The moving party shall serve a copy of the motion on the appellate court. The moving party shall file a copy of the trial court's order in the appellate court within seven days of the date of the trial court order. Any necessary modification of the appeal required by the court order shall be pursuant to rule of the appellate court."

asserted that the trial court, having previously rejected defendant's February 2017 motion for satisfaction of judgment, had no authority to reconsider that ruling. In reply, defendant asserted that her ORCP 71 B(1)(e) motion was not a motion for reconsideration. Even if it was, however, defendant argued that it was permissible under Multnomah County SLR 5.045(2), which states that the general prohibition on motions for reconsideration does not apply "to any statutory motion to modify, set aside, vacate, suppress, or rescind." The trial court heard argument on the motion in June 2017 and denied the motion "[f]or the reasons set forth in plaintiff's memorandum."

On appeal from the resulting order, defendant assigns error to the trial court's denial of her ORCP 71 B(1)(e) motion, reiterating her arguments that the motion was not barred by Multnomah County SLR 5.045. Plaintiff makes two arguments in response. First, she contends that we lack jurisdiction over defendant's appeal from the trial court's post-judgment order denying defendant's ORCP 71 B(1)(e) motion because that order did not "affect[] a substantial right" of defendant so as to make it appealable under ORS 19.205(3). Second, plaintiff argues that, if we do have jurisdiction, we should affirm on the ground that the trial court correctly determined that defendant's ORCP 71 B(1)(e) motion was a motion for reconsideration disallowed under Multnomah County SLR 5.045 because the ORCP 71 B motion sought relief identical to that which defendant had sought in her earlier motion for an order reflecting satisfaction of judgment.

We begin by addressing, and rejecting, plaintiff's contention that we lack jurisdiction over the appeal from the post-judgment order denying defendant's ORCP 71 B(1)(e) motion. ORS 19.205(3) provides that an order that is entered after a general judgment is entered is appealable if it "affects a substantial right." Here, the judgment entered on remand, in keeping with *Lawrence I*, observes that defendant "shall be entitled to a credit against said judgment in a sum equal to the amount to be determined to have been paid by her insurer *** in reimbursement for medical expenses." The trial court's denial of defendant's motion for relief from that judgment essentially denied defendant the credit to which

the judgment states that she is entitled, apparently leaving no further avenue for relief. The order thus affected defendant's ability to obtain that credit, which is a "substantial right."[2] *See generally Hoddenpyl v. Fiskum*, 281 Or App 42, 383 P3d 432 (2016) (post-judgment order denying an ORCP 71 B(1) motion seeking to set aside a default judgment on ground of excusable neglect was appealable under ORS 19.205(3)); *York v. Paakkonen*, 259 Or App 276, 278, 313 P3d 332 (2013) (post-judgment order granting motion for entry of partial satisfaction of judgment was appealable under ORS 19.205(3)). We have jurisdiction over this appeal.

We turn to the merits. As the parties have framed the issues on appeal, the question before us is whether the trial court erred when it denied defendant's ORCP 71 B(1)(e) motion on the sole ground on which plaintiff opposed the motion, *viz.*, that it was a motion for reconsideration that Multnomah County SLR 5.045 precluded the court from considering. We review the trial court's determination that defendant's motion was impermissible under SLR 5.045 for legal error.

We have addressed the meaning of that SLR once before. In *Brown v. Gatti*, 195 Or App 695, 709, 99 P3d 299 (2004), *aff'd in part and rev'd in part on other grounds*, 341 Or 452, 145 P3d 130 (2006), the defendant had attempted to subpoena a reporter; the plaintiff moved to quash the subpoena and the trial court granted that motion. "When [the] plaintiff subsequently attempted to subpoena the same [reporter], the trial court apparently treated that act as an attempt to persuade the court to reconsider quashing defendant's earlier subpoena," and therefore considered the attempt as impermissible under Multnomah County SLR 5.045(1). *Id*. at 709-10. We disagreed, holding that the SLR did not apply because the plaintiff's action did not ask the

---

[2] In that regard, this case is not like those in which we have held that post-judgment orders did not affect a substantial right because the orders did not represent a final determination of whether a party was entitled to the relief requested, but meant only that the party needed to pursue further process. *See, e.g., City of Portland v. Diaz*, 289 Or App 361, 364-65, 409 P3d 70 (2017) (order not appealable under ORS 19.205(3) because it had only a speculative consequence on the appellant's ability to obtain a further hearing on whether the appellant was entitled to the relief he requested).

trial court to reconsider the ruling it had previously made but, rather, made an independent request for relief. *Id*. at 710. We understand *Brown* to hold that a motion for reconsideration means, for purposes of the SLR, a motion that asks the court to reconsider a ruling that it already has made.

In this case, defendant's ORCP 71 B(1)(e) motion did not ask the trial court to reconsider a previous ruling. The record reflects that, when the trial court denied defendant's February 2017 motion for satisfaction of judgment, it did so based on the procedural posture of the case and its belief that it lacked authority, following remand in *Lawrence I*, to do anything other than enter the judgment that we had described in that opinion. Nothing in the record suggests that the trial court ruled that defendant was not entitled to a credit for the amount paid by her insurer; nor does the record suggest that the court denied the motion because defendant cited the wrong statute (*former* ORS 18.410 (1995)) or because defendant simply had not proved an entitlement to satisfaction. Rather, although the court said that it was denying the motion for "a host of reasons," the court's stated reasons reflect only its agreement with defendant that it was denying the motion based on the then-existing procedural posture of the case and the court's understanding of its limited function "at this time." The court did not reach the merits of defendant's claim that she had paid the amount owed to plaintiff.

Thus, when the trial court denied defendant's February 2017 motion for satisfaction of judgment, its *ruling* was that it could *then* do nothing other than enter the judgment that *Lawrence I* required. The court subsequently entered that judgment, which provided that defendant "shall be entitled to a credit against said judgment in a sum equal to the amount to be determined to have been paid by her insurer *** in reimbursement for medical expenses." In seeking relief from that judgment under ORCP 71 B(1)(e), defendant did not ask the court to reconsider the *ruling* it previously had made; the ORCP 71 B(1)(e) motion did not challenge the court's determination that it lacked authority, months earlier, to determine whether or not defendant had satisfied that judgment. Rather, the May 2017 ORCP 71

B(1)(e) motion sought relief that defendant had not previously sought, that is, relief from the March 2017 judgment pursuant to its very terms, which acknowledged that defendant is entitled to a credit for the amount paid by her insurer and necessarily contemplated that defendant would take some action to get the benefit of that credit. Accordingly, the trial court erred in determining that the ORCP 71 B(1)(e) motion was an impermissible motion for reconsideration under Multnomah County SLR 5.045, and it erred in denying the motion on that basis.[3] We therefore reverse and remand for further proceedings on the ORCP 71 B(1)(e) motion.[4]

Reversed and remanded.

---

[3] Because we conclude that the ORCP 71 B(1)(e) motion was not a motion for reconsideration, we need not determine whether it would be permissible under Multnomah County SLR 5.045(2) as a motion to "set aside" or "vacate" even if it were a motion for reconsideration.

[4] On appeal, defendant also asserts that she is entitled to attorney fees under ORS 18.235(8), which authorizes a court to award reasonable attorney fees when a judgment creditor has "willfully failed to provide a satisfaction document under ORS 18.225." We decline to address that argument, which is premature, given that the trial court has not yet addressed the merits of defendant's ORCP 71 B(1)(e) motion, including whether defendant is entitled to a satisfaction of judgment.