730 July 10, 2024 No. 485

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

CITY OF EUGENE,
*Plaintiff-Respondent,*

*v.*

James Dean MORRISON,
*Defendant-Appellant.*

Lane County Circuit Court
22VI09905; A178924

R. Curtis Conover, Judge.

Argued and submitted April 10, 2023.

Heather Marek argued the cause for appellant. Also on the briefs were Edward Johnson and Oregon Law Center.

Suzanne M. Bruce argued the cause for respondent. Also on the brief was Travis Smith, Eugene City Prosecutor.

Before Ortega, Presiding Judge, Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a judgment of dismissal in which the circuit court concluded that it lacked jurisdiction to hear an appeal from a default judgment entered by a municipal court that is not a court of record. In two assignments of error, defendant asserts that the circuit court erred in concluding that it did not have jurisdiction to hear his appeal and in overruling his demurrer. As explained below, we conclude that the circuit court did not err in determining that it did not have jurisdiction because defendant failed to seek relief from the default judgment under ORS 153.105. That conclusion obviates the need to address defendant's second assignment of error challenging the circuit court's ruling on his demurrer. Accordingly, we affirm.

The relevant facts are undisputed and largely procedural. Defendant received a citation for violating a provision of the Eugene City Code (ECC), which prohibits possession of more than four bicycle parts within a park or park facility. ECC 2.019; Eugene Park and Open Space Rule 1.010(22). The City of Eugene prosecuted the offense, and although it was initially charged as a misdemeanor, the city prosecutor reduced it to a violation. *See* ORS 161.566 (outlining procedure for the prosecuting attorney to elect to treat any misdemeanor as a Class A violation). Defendant appeared for arraignment, where he pleaded not guilty, and the matter was set for a bench trial in the Eugene Municipal Court, which is not a court of record. Defendant failed to appear for trial, and the municipal court entered a judgment of guilty by default.[1] *See* ORS 153.102(2) (providing that, if the defendant makes a first appearance, requests trial, and subsequently fails to appear, the court, subject to exceptions not applicable here, "shall enter a judgment based on the complaint and any other evidence the judge determines appropriate").

Defendant subsequently appealed from the default judgment to the Lane County Circuit Court. Before the

---

[1] In the default judgment, the municipal court cited ORS 153.555 as the basis for the default judgment; however, that statute has long been repealed. *See* Or Laws 1999, ch 1051, § 32. We understand the municipal court to have entered the default judgment subject to its authority under ORS 153.102(2), which provides for a default judgment where the defendant made a first appearance, requested a trial, and subsequently failed to appear.

circuit court, defendant demurred, arguing that the complaint alleged facts that failed to constitute an offense. During the hearing on the demurrer, the court raised the issue of whether defendant could appeal from a default judgment and receive a *de novo* trial in the circuit court. Defendant asserted that he could, and the city initially agreed. The parties proceeded to make their arguments on the merits of the demurrer. The circuit court ultimately denied the demurrer and set the matter for trial.

Before trial, the city moved to dismiss the appeal, arguing for the first time that the circuit court lacked jurisdiction to hear the appeal because defendant filed the appeal under the incorrect statutory authority. During argument on the city's motion, the court suggested that it did not have jurisdiction to hear the appeal under ORS 53.010, which governs appeals from judgments in civil actions in justice courts that are not courts of record. The circuit court opined that the appropriate procedure would have been for defendant to move to vacate the default judgment under ORS 153.105. Ultimately, the court entered a judgment of dismissal, explaining in a written order that:

> "This matter is before the court on the Defendant's timely appeal of the Judgment of Conviction from the Eugene Municipal Court, Case No. 21-13656. The Municipal court entered a default Judgment against the Defendant due to the Defendant's failure to appear at the time of trial on December 6, 2021. The Defendant did not seek to vacate the default judgment or otherwise move the Municipal Court to set aside the default Judgment.

> "The court further finds that, given the Defendant's failure to appear at trial in the underlying action and the Municipal Court's entry of a default judgment against him, the Circuit Court does not have jurisdiction to hear this appeal. *See* ORS 221.359 and ORS 53.010."

Defendant timely appeals.

On appeal, defendant raises two assignments of error. First, he contends that the circuit court erred in concluding that ORS 53.010 deprived it of jurisdiction to hear his appeal of the municipal court's default judgment. Defendant maintains that he had a right to appeal his default judgment

for a *de novo* trial in circuit court as provided in ORS 153.121 and ORS 138.057. Second, defendant asserts that the trial court erred in overruling his demurrer because his alleged conduct did not constitute an offense. The city remonstrates that the circuit court did not err in dismissing the appeal because the proper procedure was to move for relief from the default judgment under ORS 153.105. As explained below, we agree with the city's argument and affirm.

To address the parties' arguments, we must determine whether it was proper for defendant to appeal the default judgment entered in a municipal court that is not a court of record under ORS 153.121 and ORS 138.057 or whether defendant should have sought relief from that default judgment under ORS 153.105. We review questions of statutory interpretation for legal error, seeking to discern the intent of the legislature by considering the text and context of a statute and, to the extent that it is helpful, its legislative history. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

We begin with ORS chapter 153 because defendant was convicted of a violation. As noted above, although defendant was initially cited for a misdemeanor, the city prosecutor elected to treat the charge as a violation. *See* ORS 161.566(1) (providing that "a prosecuting attorney may elect to treat any misdemeanor as a Class A violation"); *see also* ORS 153.008(1)(d) (providing that an offense is a violation if the "prosecuting attorney has elected to treat the offense as a violation for purposes of a particular case in the manner provided by ORS 161.566"). Although violations are not crimes, they are governed by criminal procedure—rather than civil procedure—statutes, and in particular, by ORS chapter 153. *See* ORS 153.030(1) ("The procedures provided for in this chapter apply to violations described in ORS 153.008. Except as specifically provided in this chapter, the criminal procedure laws of this state applicable to crimes also apply to violations."); *see also State v. Benoit*, 354 Or 302, 307, 311 P3d 874 (2013) ("ORS 153.030 declares that the procedures set out in [ORS] chapter 153 apply to all violations, including violations reduced from misdemeanors pursuant to ORS 161.566.").

ORS 153.102 authorizes a municipal court to enter a default judgment based on the complaint where (1) a defendant

fails to make a first appearance or (2) a defendant makes a first appearance and then fails to appear for trial, as in this case.[2] The statutory framework for violations also includes a specific provision for seeking relief from a default judgment. *See* ORS 153.105.[3] That statute permits a trial court to relieve a defendant from a default judgment entered under ORS 153.102 if the defendant's failure to appear was "due to mistake, inadvertence, surprise or excusable neglect." ORS 153.105. The defendant must move for relief within a "reasonable time" but no more than one year after entry of the judgment. *Id.*

Defendant contends that he was not required to move for relief from the default judgment under ORS 153.105. Specifically, defendant argues that a motion to set aside is futile when the municipal court made a legal error in entering the default judgment.[4] Instead, he asserts that he was entitled to appeal to the circuit court pursuant to ORS 153.121.[5] Defendant maintains that ORS 153.121(1),

---

[2] ORS 153.102 provides:

"(1) If the defendant in a violation proceeding does not make a first appearance in the manner required by ORS 153.061 within the time allowed, and a trial is not otherwise required by the court or by law, the court may enter a default judgment based on the complaint and any other evidence the judge determines appropriate.

"(2) If the defendant makes a first appearance in the manner required by ORS 153.061 within the time allowed and requests a trial, and the defendant subsequently fails to appear at the date, time and place set for any trial or other appearance in the matter, and if a trial is not otherwise required by the court or by law, the court shall enter a judgment based on the complaint and any other evidence the judge determines appropriate."

[3] ORS 153.105 provides:

"If a default judgment is entered against a defendant under ORS 153.102, the court may relieve a defendant from the judgment upon a showing that the failure of the defendant to appear was due to mistake, inadvertence, surprise or excusable neglect. A motion for relief under this section must be made by the defendant within a reasonable time, and in no event may a motion under this section be made more than one year after entry of judgment."

[4] To the extent that defendant argues that the municipal court improperly entered a default judgment because he appeared at arraignment, we reject that argument for two reasons. First, ORS 153.102(2) allows for a default judgment when a defendant makes an initial appearance but fails to appear for trial. Second, if the municipal court improperly entered a default judgment, as explained below, the proper procedure would have been for defendant to challenge the default judgment under ORS 153.105.

[5] ORS 153.121 provides:

"An appeal from a judgment in a violation proceeding may be taken by either party as follows:

which points to ORS 138.057, allows defendants to appeal to the circuit court from a violation judgment in a municipal court that is not of record.[6] In defendant's view, ORS 138.057 permits appeals from any violation judgment regardless of whether it is a default judgment. Defendant reasons that, because ORS 138.057(1)(f) provides for a *de novo* trial "disregarding any irregularity or imperfection in the proceedings in the justice court or municipal court," his failure to appear constitutes an imperfection that should be disregarded. In so arguing, defendant acknowledges that default judgments in courts of record cannot be appealed but contends that no such prohibition exists for default judgments in municipal courts that are not courts of record. *See* ORS 138.057(1)(a) (providing that appeals from justice courts or municipal courts of record are taken as provided in ORS chapter 19); ORS 19.245(2) (prohibiting appeals of default judgments except in specified circumstances).

We conclude that defendant was required to move for relief from the default judgment pursuant to ORS 153.105. In our view, the legislature created a specific statutory mechanism for relief from default judgments under ORS 153.105, whereas it did not reference default judgments in ORS 153.121. *Cf. State v. Godfrey*, 263 Or App 562, 563, 328 P3d 823 (2014) (concluding that, when a defendant failed to appear for trial and was convicted of traffic offenses by default judgment, the proper procedure was for defendant to

---

"(1) From a proceeding in justice court or municipal court, as provided in ORS 138.057 for appeals of violations.

"(2) From a proceeding in circuit court, as provided in ORS chapter 19, except that the standard of review is the same as for an appeal from a judgment in a proceeding involving a misdemeanor or felony."

[6] ORS 138.057 provides, in part:

"(1)(a) *** If a justice court or municipal court has not become a court of record under ORS 51.025 or 221.342, the appeal from a judgment involving a violation entered by the justice court or municipal court may be taken to the circuit court for the county in which the justice court or municipal court is located. An appeal to a circuit court must be taken in the manner provided in this subsection.

"* * * * *

"(f) The circuit court shall treat a matter appealed under this subsection as though the case had been originally filed with the circuit court and shall try the case anew, disregarding any irregularity or imperfection in the proceedings in the justice court or municipal court."

"fil[e] a motion under ORS 153.105 for relief from the default judgment" rather than appeal to the Court of Appeals). Our conclusion that defendant should have followed the more specific statutory mechanism for relief from default is consistent with our statutory guidelines for interpreting statutes, *viz.*, the specific controls over the general. *See* ORS 174.020(2) ("When a general provision and a particular provision are inconsistent, the latter is paramount to the former so that a particular intent controls a general intent that is inconsistent with the particular intent."). Moreover, defendant's interpretation of the statutory framework would effectively render ORS 153.105 superfluous in situations where a defendant is convicted of a violation by default judgment in a municipal court that is not a court of record. That is, defendants could choose to default without consequence then appear in the circuit court for a trial *de novo*. The statutory framework does not suggest that default judgments arising out of a court that is not a court of record are to be without consequence. *See* ORS 174.010 (instructing courts to construe statutes so as to "give effect to all" provisions); *State v. Clemente-Perez*, 357 Or 745, 755, 359 P3d 232 (2015) (explaining that, as a general rule, a court will "assume that the legislature did not intend any portion of its enactments to be meaningless surplusage"); *State v. Cloutier*, 351 Or 68, 98, 261 P3d 1234 (2011) (observing that "an interpretation that renders a statutory provision meaningless should give us pause, both as a matter of respect for a coordinate branch of government that took the trouble to enact the provision into law and as a matter of complying with the interpretive principle that, if possible, we give a statute with multiple parts a construction that 'will give effect to all' of those parts").

Finally, we have reviewed the legislative history surrounding the 1999 amendments to ORS chapter 153, and we did not find any pertinent legislative history that shed light on the legislature's intent. Accordingly, given the text and context of the statutory framework guiding default judgments, we conclude that defendant was required to move for relief from the default judgment pursuant to ORS 153.105. To conclude otherwise would mean that defendants could choose not to appear before the municipal court and

still have the same right to appeal to the circuit court as defendants who did appear. Here, because defendant did not avail himself of the process in ORS 153.105 to seek relief from the default judgment, the circuit court did not err when it dismissed the appeal.[7]

Affirmed.

---

[7] Given the procedural posture in this case in which defendant did not properly move for relief from default under ORS 153.105, we leave for another day whether a defendant can challenge on appeal the denial of a motion for relief from a default judgment. For instance, would that be in the same manner as default judgments in civil cases? *See Hoddenpyl v. Fiskum*, 281 Or App 42, 45, 383 P3d 432 (2016) (reviewing the denial of a motion to set aside a default judgment, in a personal injury case in circuit court, under ORCP 71 B(1) as an appealable "order" under ORS 19.205(3)). Or would that be consistent with ORS 153.121 and ORS 138.057(1)(f)? Or did the legislature intend that to be the end of the road?