No. 27        January 22, 2026        587

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Melissa Anne BAILEY,
*Petitioner-Appellant,*
*and*

Brian Roger BAILEY,
*Respondent-Respondent.*

Josephine County Circuit Court
18DR10948; A185034

Brandon S. Thueson, Judge.

Submitted December 2, 2025.

Jamie L. Hazlett filed the briefs for appellant.

George W. Kelly filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Mother appeals from an order denying her motion to set aside a supplemental judgment governing parenting time and child support. Mother asserts that she was entitled to relief under ORCP 71 B(1) based on excusable neglect. We affirm.

ORCP 71 B(1) permits a court to relieve a party from a judgment based on, as relevant here, excusable neglect. *Union Lumber Co. v. Miller*, 360 Or 767, 777, 388 P3d 327 (2017). We review the trial court's ruling as to whether mother's neglect constituted a cognizable ground for relief for legal error, deferring to the "trial court's express or implied findings of disputed fact underlying its legal determinations." *Id.* at 778.

The relevant facts are few. Father moved to modify the parties' judgment of dissolution to change parenting time and child support. The trial court issued a letter opinion that, among other things, concluded that child support had to be adjusted in light of a parenting time modification. The court noted that it had no evidence of mother's income and that it would hold a "short evidentiary hearing" if the parties could not agree on mother's income.

Father's attorney then prepared a form of judgment that listed mother's monthly income as $9,723.93, based on mother's tax return provided by mother's attorney. Mother's attorney told father's attorney that the proposed judgment was "[g]ood to file," and the trial court signed and entered the judgment on April 1, 2024.

Mother's attorney then sent mother a copy of the judgment. Mother emailed her attorney, questioning why the judgment listed her monthly income as $9,723.93; according to mother, that figure represented her monthly gross business income as a self-employed person, rather than her monthly adjusted gross income, which was $1,942.41. Mother asked her attorney to amend the judgment so that it listed the adjusted gross income figure ($1,942.41) as her monthly income. Mother's attorney contacted father's attorney and asked to submit an amended judgment that used mother's adjusted gross income amount. Mother's attorney explained

that she had "overlooked the amount" that father's attorney had used because she had been focused on a different provision in the judgment.[1]

Father's attorney declined the invitation to submit an amended judgment, stating that she believed that she had used the "correct income." Father's attorney explained that the income figure was based on the information mother had provided via her tax return. Father's attorney also noted that mother had prepared her own tax return and that "there [were] some concerning portions of it that [she] doubt[ed] mother] would want scrutinized too hard." Mother's attorney then told mother that "they had to use the [higher] income because we provided tax returns for income" and suggested that mother could go through "DOJ to make changes[.]"

Mother then moved to set aside the supplemental judgment under ORCP 71 B(1). She argued that she had wanted to make certain objections to the form of judgment that father's attorney prepared, and she had communicated those concerns to her attorney. But because mother's attorney "failed to raise [those] objections in a timely manner," the judgment was filed without those objections being noted. Mother argued that she was entitled to relief based on "attorney neglect."

The trial court denied mother's motion. It concluded that it would have to find that mother's attorney "was neglectful in her representation of" mother to set aside the judgment. The court noted that it did not know whether mother's attorney "believed income was calculated correctly, or if she was satisfied with [father's attorney's] argument that income should not be adjusted, or whether she did not believe further argument on the issue would be helpful[.]" The court concluded that the record before it did not "lead [it] to conclude that [mother's attorney] was neglectful in her representation." Mother now appeals.

---

[1] Mother also asked her attorney to pursue two other issues involving therapy costs and child support for when the children reach the age of majority. The trial court denied the motion to set aside the judgment with respect to those two issues because the court had addressed them in prior judgments in the case. On appeal, mother does not appear to challenge those issues, focusing instead on the income figure used for child support, and in any event, the trial court's resolution of those issues was legally correct.

The trial court did not err in denying mother's motion. As the party seeking relief, mother bears the burden of proving excusable neglect. *PGE v. Ebasco Services, Inc.*, 263 Or App 53, 66, 326 P3d 1274 (2014). She has failed to carry that burden here. As the trial court noted, based on the limited record before it, it could not conclude that mother's attorney had been neglectful. Mother did not demonstrate that her attorney had engaged in excusable neglect because there is no evidence that any neglect occurred at all—indeed, as the trial court hypothesized, mother's attorney could have decided that there was no basis to use the lower income figure because the higher income figure that father's attorney used had been based upon mother's own tax return and that any further argument would not have advanced mother's position (notwithstanding mother's desire to have her income set at a lower amount).

Mother argues that the trial court committed legal error by focusing on whether mother's attorney's conduct constituted "excusable neglect" because, in mother's view, "the key question is whether *mother's conduct* in relying upon her attorney's misrepresentations" constituted excusable neglect. There are two difficulties with that argument. The first is that mother framed her motion to set aside the supplemental judgment as one of "attorney neglect." She cannot now fault the trial court for following her lead. Second, there is no evidence of any misrepresentations upon which mother relied and thus, even if we were to frame the issue as mother does, the record does not support a conclusion of excusable neglect.

That lack of record is what differentiates this case from others in which we have concluded that a mistake or negligence by a party's attorney is excusable neglect and, thus, can be grounds for relief from a judgment of default. We have allowed relief where the record demonstrated that the moving party's attorney made an erroneous assumption that no answer was due because a settlement offer was pending, or that no appearance was due because a show cause was pending. *Hoddenpyl v. Fiskum*, 281 Or App 42, 49-50, 383 P3d 432 (2016) (collecting cases); *see, e.g.*, *Hamel-Bishop and Bishop*, 179 Or App 473, 477, 40 P3d 561 (2002) (finding

excusable neglect for the mother's failure to appear when the record reflected that her out-of-state attorney attempted to file an appearance for her but failed to follow the appropriate procedures for doing so). Here, there is no similar evidence of an erroneous assumption or disregard of procedure on the part of the moving party's attorney to support a finding of excusable neglect.

Affirmed.